UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

AGENCE FRANCE PRESSE,

                Plaintiff,

v.

DANIEL MOREL

                Defendant.

------------------------------------------------- X

Civil Action:_____

COMPLAINT

      Plaintiff AGENCE FRANCE PRESSE, for its complaint against defendant DANIEL MOREL alleges:

### PARTIES

1.   Plaintiff AGENCE FRANCE PRESSE ("AFP") is a French entity, with its principal place of business in North America at 1015 15th Street, NW, Suite 500, Washington, D.C. 20005 and a place of business in this District at 747 Third Avenue, Floor 35, New York, New York 10017. AFP is an international wire service that provides text, photographs, videos and graphics to customers on a worldwide basis.

2.   Upon information and belief, Defendant DANIEL MOREL ("Mr. Morel") is an individual residing in Haiti who conducts business in this district as a photojournalist and copyright licensor and who has committed tortious acts in this district.

### NATURE OF THE ACTION

3.   This is an action seeking the Court's declaration that AFP has not infringed upon Mr. Morel's copyrights. This is also an action against Mr. Morel for commercial disparagement.

1

4. Mr. Morel maintains that AFP has infringed upon his copyrights in several photographs. Mr. Morel has hired an attorney in New York City named Barbara Hoffman. On behalf of Mr. Morel, Ms. Hoffman has sent numerous correspondence to AFP alleging copyright infringement and demanding exorbitant payment. On behalf of Mr. Morel, Ms. Hoffman has also sent correspondence to numerous third parties, including AFP's customers, alleging copyright infringement and disparaging AFP.

5. AFP maintains that Mr. Morel provided a nonexclusive license to use his photographs when he posted them on a social networking and blogging website known as Twitter without any limitation on the use, copying or distribution of the photographs. AFP and its customers or affiliates, relied on this license and their respective uses did not constitute copyright infringement.

6. Mr. Morel has made demands that amount to an antagonistic assertion of rights. As a result of the parties' conflicting positions, an actual and justiciable controversy exists over the parties' respective rights and obligations. This controversy can be fully resolved by way of a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## JURISDICTION AND VENUE

7. An actual and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of Defendant's copyrights by AFP and its customers by virtue of Defendant's allegation of infringement against Plaintiff. Accordingly, subject matter jurisdiction for this declaratory action is proper in this Court under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant under subsections (a)(1) and (a)(2) of the New York long-arm statute (CPLR § 302) because upon information and belief, Defendant has transacted business in this State and in this District, including attempting to license his copyrights, and has committed tortious acts within this State and District. Defendant, through his attorney Ms. Hofmann (who is based in New York City), has solicited business in New York by repeatedly offering to license Defendant's photographs. Defendant, through his attorney Ms. Hofmann, has sent numerous correspondence to Plaintiff's customers asserting that Plaintiff has infringed Defendant's copyrights and has engaged in unscrupulous business practices. That correspondence constitutes commercial defamation per se against Plaintiff. By virtue of these dealings in the State of New York, and this District, Defendant is subject to the personal jurisdiction of this Court under CPLR § 302(a)(1) and (2).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted occurred in this District and because Defendant is subject to jurisdiction in this district. The activities in this judicial district make it fair and reasonable for it to be sued in this judicial district.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND LICENSE

11. AFP repeats and realleges the previous paragraphs set forth herein.

12. Mr. Morel posted several photographs on Twitter in full resolution and with no limitation on their use.

13. By using Twitter, Mr. Morel expressly agreed to and is subject to, the Terms of Service established by Twitter.

14. Pursuant to the Twitter Terms of Service, by posting his photographs on Twitter, Mr. Morel granted Twitter a worldwide, non-exclusive, royalty-free license, with the right to sub-license others, to use, copy, publish, display and distribute those photographs. The Twitter Terms of Service make clear that Twitter encourages and permits broad re-use of content that is posted on Twitter, which it is permitted to do under its Terms of Service and license rights. Such broad re-use is evidenced everyday in the media where Twitter posts are copied, reprinted, quoted, and republished by third parties.

15. Upon information and belief, users of Twitter intend for their postings ("Tweets") to be publicly available and to be broadly distributed through the internet and other media. Indeed, upon information and belief, most users of Twitter use its services in order to broadly disseminate the material that they post.

16. When Mr. Morel posted his photographs on Twitter, he made no notation that he was in any way limiting the license granted to Twitter or third parties or that he was in any way limiting the ability of Twitter and third parties to use, distribute, or republish his photographs. Thus, a third party would reasonably assume that based on the Twitter Terms of Service and typical use, by posting his photographs on Twitter, Mr. Morel was granting the requisite license to Twitter and third parties to use, copy, publish, display and distribute those photographs.

17. AFP published Mr. Morel's photographs in good faith with the understanding that by posting them on Twitter, he had granted the requisite license to third parties to use, copy, publish, display and distribute those photographs.

18. Even though it believes it acted under an appropriate license, when AFP was contacted by Mr. Morel's attorney indicating that he believed the publication of the photographs was a copyright infringement, AFP again acted in good faith to cease publication and distribution of the photographs and notified its subscribers that the photographs should not be published or distributed.

19. Nonetheless, Mr. Morel, through his attorney, maintains that AFP has infringed upon his copyrights in the photographs he posted on Twitter. Mr. Morel has made unreasonable demands that amount to an antagonistic assertion of rights.

20. In light of the parties' conflicting positions, an actual and justiciable controversy exists over the parties' respective rights and obligations.

21. Without a prompt determination of whether AFP has a license pursuant to Defendant's posting of his copyrighted photographs to the Twitter service, which AFP contends provides a nonexclusive license to use and distribute such photographs, AFP cannot know with any certainty whether it is exposing itself to liability if it does not agree to Defendant's demands.

22. A declaratory judgment in this case would serve a useful purpose in clarifying and settling the respective legal rights and obligations of the parties, and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding, and Plaintiff requests the Court enter an Order of non-infringement for Plaintiff.

23. Plaintiff is also entitled to recover its attorneys' fees in pursuing this declaration of non-infringement.

## COUNT II

## COMMERCIAL DEFAMATION

24. AFP repeats and realleges the previous paragraphs set forth herein.

25. Defendant, through his attorney Ms. Hofmann, has sent correspondence to third parties throughout the country, including in this District, and including Plaintiff's customers.

26. The correspondence sent on behalf of Defendant has made statements of fact concerning Plaintiff and Plaintiff's business that are false and defamatory of the Plaintiff's business reputation and practices.

27. Specifically, Defendant has made the statement to numerous third parties, including AFP's subscribers, that AFP is infringing upon Mr. Morel's photographs and that AFP did not have a license to distribute Mr. Morel's photographs.

28. The statement that AFP acted without a license and infringed Mr. Morel's copyrights is false because, as explained above, Mr. Morel did provide a non-exclusive license, through Twitter, to third parties, including AFP and its subscribers.

29. Defendant, through his attorney, has made these statements to numerous third parties with knowledge that they were false or with reckless disregard of whether they were false.

30. Plaintiff's counsel pointed out the Twitter terms of service to Defendant's counsel, but, upon information and belief, Defendant's counsel, on behalf of Defendant, has continued to make the false statements.

31.     These false and disparaging statements are defamation per se because they reflect on Plaintiff's business reputation and business practices.

32.     Furthermore, these false and disparaging statements have caused damage to Plaintiff's business reputation and its customer relationships. In addition to damaging Plaintiff's reputation, Plaintiff's customers have understandably requested indemnification, which will result in direct monetary damage to Plaintiff in defense costs.

33.     Plaintiff is entitled to an injunction and nominal, special, general compensatory and punitive damages to be determined at trial.

## PRAYER FOR RELIEF

WHERFORE, Agence France Presse demands judgment in its favor against Mr. Morel for the following relief:

(1)     An Order of Judgment that Plaintiff has not infringed upon Mr. Morel's copyrights;

(2)     An order enjoining Defendant from making false and disparaging statements about Plaintiff;

(3)     An award of monetary damages against Defendant in an amount to be determined;

(4)     Attorney's fees incurred in the enforcement of this action in an amount to be determined at the conclusion of the matter;

(5)  Pre and post-judgment interest; and

(6)  Such other relief as the Court may deem just and proper.

Dated: New York, New York
       March 26, 2010

*(signature)*

Joshua J. Kaufman
Meaghan H. Kent (*Pro Hac Vice* to be filed)
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Fax: (202) 344-8300
jjkaufman@venable.com
mhkent@venable.com

- and -

Brendan J. LeMoult
Venable LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
Telephone: (212) 307-5500
Fax: (212) 307-5598
blemoult@venable.com

*Attorneys for Plaintiff*