from Mr. Morel and on information and belief, no other source for the Iconic Images is available.

193.    Upon information and belief, at 4:57 p.m. during the January 13 broadcast of CBS Evening News with Katie Couric, the following four images were displayed:



The video remained in the CBS web archive until April 12, 2010 when Mr. Morel became aware of them and through his counsel, informed CBS's counsel.

194.    Upon information and belief, CBS removed the Iconic Infringing Images.

195. The CBS web-based online photo gallery displayed nine (9) of the Infringing Iconic Images. These images were removed by CBS on receipt of a cease and desist letter from Mr. Morel's counsel on or about March 12, 2010. Copies of the images are attached hereto as Exhibit N.

196. CBS also displayed on its news website from January 13, 2010 other images and used two of Mr. Morel's Iconic Images as a banner headline on a daily basis in the first week of coverage.








197. Mr. Morel learned of these infringing uses on or about February 22, 2010.

**Vicarious Infringement by CBS**

198. Upon information and belief, CBS claims to have licensed certain images from AFP/Getty. The only image discovered by Mr. Morel appears above:

56

199. By the actions alleged above, CBS has infringed the Iconic Images by using them without Mr. Morel's authorization.

200. Daniel Morel is entitled to recover from CBS his damages, including attorney's fees, he has sustained and will continue to sustain, and any gains, profits and advantages obtained by CBS as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained, but will be established according to proof at trial. Mr. Morel is also entitled to recover statutory damages for infringement and reasonable attorney's fees for CBS's willful infringement.

## NINTH COUNTERCLAIM
## DIRECT COPYRIGHT INFRINGEMENT
(ABC)

201. Mr. Morel repeats and realleges the allegations in paragraphs 1-200 set froth above.

202. On the evening of January 13, 2010 seven (7) of the Iconic Images, packaged on the ABC News World Tonight (the "Package"). The Package was then re-broadcast and used without Mr. Morel's permission, credit, or knowledge on the morning broadcast of ABC World News Now and Good Morning America, and thereafter on the ABC video archive online photo gallery until April 18, 2010.





203. As of April 17, 2010, Mr. Morel discovered six of the Iconic Images posted in an online photo gallery of KFSN, the ABC affiliate in Fresno (www.abclocal.go.com)



204. Upon information and belief, the Infringing Images have been deleted on April 19, on representation of ABC's in house counsel.

205. By the actions alleged above, ABC has infringed the Iconic Images, by using such images without Mr. Morel's consent and/or using pirated images from Lisandro Suero's Twitter page.

206. Daniel Morel is entitled to recover from ABC the damages, including attorney's fees, he has sustained and will continue to sustain, and any gains, profits and advantages obtained by ABC as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained, but will be established according to proof at trial. Mr. Morel is also entitled to recover statutory damages for willful infringement and reasonable attorney's fees. The reckless disregard exhibited by ABC in taking the Lisandro Suero images without investigation and continuing to display such images until April 19, 2010, constitutes willful infringement.

## TENTH COUNTERCLAIM
## DIRECT COPYRIGHT INFRINGEMENT
(CNN)

207.    Mr. Morel repeats and realleges the allegations in paragraphs 1-206 set froth above.

208.    Mr. Morel makes three different claims for copyright infringement against CNN.

209.    At 7:23 p.m. on January 12, 2010 "seanokeycnn" tweeted to Mr. Morel:



210.    On January 12, 2010 at 8:22 p.m., Katy Byron from the CNN International Desk e-mailed Mr. Morel, stating "I saw on Twitter that you have some photos from Haiti of the earthquake damage.  Could you please send them to me?  may we air these photos on CNN networks including CNN, CNN International, CNN Headline News, post them on CNN.com and distribute them to our affiliates?  Would you like us to courtesy you for the photos by name?  Can you tell me exactly where the photos were taken?  And if you could tell me a little bit about yourself as well that would be helpful, also where you got the photos."

211.    At 8:27 p.m., Mr. Morel responded, "On thanks you pay lot of money for these Photos.  I have everything."

60

212. Seconds later, at 8:27:46 p.m., Katy Byron replied, "How many photos do you have? Can you call me to negotiate a price?"

213. On January 12, 2010 at 8:31 p.m., Mariano Castillo from the CNN Wire emailed Mr. Morel, stating "Excuse this e-mail if somebody from CNN has already reached out to you. I heard that you have photos from Haiti, and I wanted to make sure that someone here at CNN spoke to you about acquiring those images. I would also like to speak to you by phone or e-mail, if possible, for a story I am writing for CNN."

214. On January 13, 2010 at 2:12 a.m., "brinisphereCNNphotoRT" tweeted to Mr. Morel:



215. On January 13, at 1:20 p.m., Erin McLaughlin of CNN London, e-mailed Mr. Morel stating, "I hope you are well. CNN just interviewed Leah Gordon for CNN International segment. We referenced many of your pictures on twitter to talk about Haiti and her experiences there. I noticed that those pictures have since been removed from your twitter account. Do you know what happened to them? Would you be willing to send us the files for the interview block?"

216. At 1:35 p.m. on January 13, 2010 Mr. Morel instructed Ms. McLaughlin to "please contact Corbis for any photo request."

217. Mr. Morel intended to retain copyright in and credit to his images, at the same time he informed the world of the disaster and advertised his images for license.

On information and belief, it is in the nature of an unfolding disaster that early pictures tend to be more sensational and less about telling a story. Daniel Morel was interested in licensing his images if the price, terms and conditions were right. He was not interested in selling or licensing cheap. It was enough that he and the world were witness to what had happened and what was happening. Later, he would tell the full and complete story of the Haiti Earthquake and the impact on the history of Haiti through his documentary photography and film taken on the ground during the earthquake and thereafter.

218.  Upon information and belief, CNN uploaded Daniel Morel's Iconic Images from Twitter and used them on its 24 hour cable news broadcasts from 5:45 p.m. on January 12, 2010.



219.  Upon information and belief, CNN licensed images from Getty, which images currently appear on the Time, Inc. website, and in its photo gallery with misattribution, and on other websites.

220.  Upon information and belief, CNN claims it had obtained a license from Corbis for some of the Iconic Images on January 13, 2010. Notwithstanding, said Iconic Images would not have been available on January 13 from Corbis. Notwithstanding also that although the invoice has a date of April 19, 2010, the in house counsel for CNN

claimed the invoice was a copy of an invoice that was actually dated January 13, 2010, calling into question the authenticity of said invoice.

221.    No record of any licensing to CNN appeared on Mr. Morel's licensing statement and an e-mail from a Corbis employee to Mr. Morel's counsel confirmed on or above two weeks ago, that Corbis had issued no license to CNN.

## RELIEF REQUESTED

WHEREFORE, Daniel Morel prays for relief as follows:

1.    That the Complaint be dismissed with prejudice;

2.    For a judgment that Counterclaim Defendants AFP, Getty, CBS, ABC, CNN, et. al, have knowingly and willfully infringed Mr. Morel's copyrights in the Iconic Images;

3.    For a judgment that the Counterclaim Defendants AFP and Getty have contributorily infringed Mr. Morel's copyright in the Iconic Images;

4.    That as the proximate result of AFP and Getty's contributory infringement, AFP and Getty's customers and subscribers have been induced to infringe and are vicarious infringers;

5.    For a judgment that Counterclaim Defendants have (i) knowingly and willfully altered or removed the CMI associated with the Iconic Images, (ii) knowingly and willfully distributed works knowing that the CMI was removed or altered, and (iii)

knowingly and willfully produced and distributed false CMI, all with intent to induce, enable, facilitate or conceal their infringement of the Iconic Images;

6.     For a judgment that Counterclaim Defendants AFP and Getty have knowingly and willfully converted Mr. Morel's ownership interests in the Iconic Images to their own use, depriving Mr. Morel of the legal rights and benefits incident to ownership thereof, with malice, oppression, and fraud, and in conscious disregard of Daniel Morel's rights;

7.     For an order under 17 U.S.C. §§ 502(a) enjoining Counterclaim Defendants during the pendency of this action from directly or indirectly infringing any of the Iconic Images, as detailed in this Counterclaim and an order instructing Counterclaim Defendants to inform Google, Yahoo, Twitter and other social networking sites to remove the Infringing Iconic Images from their sites;

8.     For an order under 17 U.S.C. §§ 503(a) and §1203(b)(2) enjoining Counterclaim Defendants, including their directors, officers, agents, servants, employees, and all other persons in active concert, privity, or participation with them, to turn over for impoundment, to remain in the custody of Mr. Morel's counsel during the pendency of this action, all copies, electronic and physical, in the Counterclaim Defendants' possession, custody, or control of any of the Iconic Images, including but not limited to computer disks, hard drives, servers, CDs, DVDs, and storage tapes, on which Counterclaim Defendants have stored such images;

9. For an order that during the pendency of this action that Counterclaim Defendants, including their directors, officers, agents, servants, employees, and all other persons in active concert, privity, or participation with them, are required to maintain records and are enjoined from disposing of records, relating to the acquisition, distribution, reproduction, licensing, sale or display of the Iconic Images;

10. For an order under 17 U.S.C. §§ 502(a) and 1203(b)(1) permanently enjoining Counterclaim Defendants, including their directors, officers, agents, servants, employees, and all other persons in active concert, privity or participation with them, from directly or indirectly infringing any of the Iconic Images;

11. For an award of Mr. Morel's actual damage and Counterclaim Defendants' profits in such amounts as may be found under 17 U.S.C. §§ 504(b) and §§1203(c)(2);

12. That the Court enter judgment for Mr. Morel against Counterclaim Defendants for Mr. Morel's actual damages according to proof, and for any profits attributable to infringement of Mr. Morels intellectual property in accordance with proof;

13. Alternatively, at Mr. Morel's election, for statutory damages under 17 U.S.C. §§ 504(c) in an amount up to $150,000 for each separate infringement of each Iconic Image, and under 17 U.S.C. § 1203(c)(3) in an amount up to $25,000 per Iconic Image against AFP and Getty and each of the other Counterclaim Defendants the Court determines to have acted willfully or in reckless disregard of Mr. Morel's copyrights and

statutory damages for each non-willful infringement by Counterclaim Defendants determined by the Court for those Counterclaim Defendants whose acts were not willful.

14. An award against AFP/Getty of three times the greater of

   (i) Mr. Morel's damages for the wrongful acts of AFP and Getty in an amount the Court deems appropriate, together with appropriate interest on such damages; or

   (ii) AFP and Getty's profits in accordance with the accounting demanded in the preceding paragraph, pursuant to 15 U.S.C. §1117;

15. An award of Daniel Morel's costs and disbursements of this action, including reasonable attorney's fees pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117;

16. For prejudgment interest and post-judgment interest; and

17. For further damages according to proof and for such other and further relief as the Court deems just and equitable.

Dated April 21, 2010

Respectfully submitted,

By: *Barbara* (signature)
Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200

Attorney for Defendant/Counterclaim Plaintiff, Daniel Morel