# THE HOFFMAN LAW FIRM

330 WEST 72ND STREET

NEW YORK, N.Y. 10023

TELEPHONE: 212.873.6200          BARBARA T. HOFFMAN
FACSIMILE: 212.829.6285          artlaw@mindspring.com
         www.hoffmanlawfirm.org

August 26, 2011

*Via Hand Delivery*

> USDC NY
> DOCUMENT
> ELECTRONICALLY FILED
> DATE FILED: 9/9/11

> Application denied.
> This Court will entertain any applications for summary judgment when discovery is complete. After parties have conferred with Magistrate Judge Dollinger, this Court will set a revised discovery cutoff.
> SO ORDERED:
> [signature] WILLIAM H. PAULEY III U.S.D.J.
> 9/9/11

Honorable Judge William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse, Courtroom 11D
500 Pearl Street
New York, NY 10007

    Re:    *Agence France Presse v. Daniel Morel*, No. 10-cv-2730 (WHP) (MHD) (SDNY)

Dear Judge Pauley,

    I represent Defendant Counterclaim Plaintiff Daniel Morel ("Morel") in the above-captioned matter.

    This letter is to request a pre-motion conference in accordance with the Court's Individual Practices for the purpose of moving for partial summary judgment against Agence France Presse ("AFP"), Getty Images ("Getty") and the Washington Post Company (the "Washington Post"), et. al. ("Counterclaim Defendants").

**I.**    **Procedural Posture of the Case.** On 1/14/11, this Court granted in part and denied in part the Counterclaim Defendants' motion to dismiss. A copy of this Decision (the "Decision") is attached hereto as Exhibit A for the convenience of the Court. On 5/19/11, this Court referred all non-dispositive motions to Magistrate Judge Dolinger. On 6/13/11 Morel filed a Third Amended Answer, Affirmative Defense and Counterclaims (the "Third Amended Answer") to add the Washington Post. Currently, Judge Dolinger has sub judice several discovery disputes involving depositions noticed by Morel. The depositions, scheduled to accommodate witness vacations, include three CNN witnesses, three AFP witnesses and three Getty witnesses, each scheduled for no more than a few hours. In addition, Heather Cameron's deposition is to be continued based on the parameters of Judge Dolinger's ruling. The discovery cut off is 9/16/11.

**II.**    **Summary Judgment Standard.** Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The burden is on the moving party to establish the lack of any factual issues. See *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*. The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual

THE HOFFMAN LAW FIRM

Page 2
August 26, 2011
Judge William H. Pauley III

dispute between the parties. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Under *Rule 56(e)*, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson, 477 U.S. at 248*. Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived to "put up or shut up." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir 2000).

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *SEC v. Meltzer*, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006).

**III.   Material Facts Are Not in Dispute.** Notwithstanding the different standard governing the Court's recitation of the facts in the Decision, there is no genuine issue of material fact with respect to the following paragraphs of the Third Amended Answer based on the discovery conducted to date: ¶'s 71 – 84, and to the extent that those paragraphs are alleged upon information and belief, no evidence exists to the contrary. With respect to ¶ 84, documents confirm that AFP transmitted 13 images to the AFP Image Forum and other distribution services and at least multiple copies of each of the eight Morel Images were transferred to Getty for distribution and sale with metadata identifying Lisandro Suero as the photographer. A credit change was not issued by AFP until 1/13/10 5AM EST. The change was issued with same images causing multiple copies of the same images to reside in clients' databases. The images were credited to AFP/Getty/Morel. Not until 1/14/10 was a "kill notice" issued, but the notice only "killed images" credited to AFP/Getty/Morel.

Documents and depositions on file indicate that Getty had no conversations with AFP regarding "take down" on either 1/13/10 or 1/14/10. Not until on or about 2/10 did Getty remove Lisandro Suero images from its databases. On certain Getty databases, notwithstanding AFP's credit change to "Daniel Morel," Getty listed the name of the photographer as "AFP." Getty did not notify customers of the need to remove images because of a "copyright dispute until early April. Getty issued no "kill" in 1/10 and more than 50 documents have been withheld concerning customer notification in the period from 1/14/10 until 6/22/10 when a second recall was necessary because of customer confusion. Suero and Morel Images remained in Getty data until mid March 2010.

The facts as alleged in ¶'s 100 – 114 are not in dispute. Nor have the Counterclaim Defendants provided any evidence to dispute the facts as set forth in ¶'s 124 – 128. ¶'s 133, and 141 – 144 are supported by the depositions and documents produced in discovery.

The facts as alleged in the Third Amended Answer for vicarious and contributory copyright infringement are not in dispute. (See ¶ 153). The facts as alleged in the Eleventh Counterclaim for Direct Copyright Infringement are uncontroverted.

THE HOFFMAN LAW FIRM

Page 3
August 26, 2011
Judge William H. Pauley III

Many Getty documents relating to the "kill notice" and customer notifications have been marked "privileged." Nevertheless, Morel believes that these facts establish willful infringement of 17 U.S.C. § 101 et seq. and the DMCA. Should the Court determine otherwise, the additional depositions are related to proof of willfulness and the maximum damages permitted for willful infringements under the DMCA and Copyright Act § 106 et seq.

## IV.   Law Applied to the Facts.[1]

A. <u>Direct Copyright Infringement</u>. The parties concede that Morel has a valid copyright registration in the 13 Earthquake Images and that the images were reproduced, stored, displayed, transmitted and used to create derivate works without Morel's authorization. AFP cannot introduce facts to support its license theory.

B. <u>Vicarious Copyright Infringement</u>. The documents and depositions on file create no genuine issue of fact that AFP and Getty had a right and ability to supervise that coalesced with an obvious and direct financial interest and that they acted with knowledge the infringing activity materially contributed to the infringing conduct of another.

C. <u>DMCA</u>. There is no genuine issue that AFP, Getty and the Washington Post and CNN without authorization of Morel, or the law, downloaded, uploaded, stored in digital databases, displayed, transmitted and distributed the Earthquake Images with altered or false copyright management information ("CMI"). The depositions on file indicate that the Counterclaim Defendants have intentionally removed and/or altered and have caused and induced others to remove and/or alter the above CMI from the images having reasonable grounds to know that such acts will induce, facilitate or conceal an infringement of copyright under 17 U.S.C. in violation of 17 U.S.C. §1202(b)(1) and (3).

The depositions and documents produced show that AFP and Getty falsely and intentionally identified Morel as an AFP "stringer" and made available images with the false CMI. This Court can determine as a matter of law that under § 1203, a violation of the statute occurs each time Counterclaim Defendants transmitted, distributed, sold and reproduced Mr. Morel's images.

For the foregoing reasons, Morel respectfully requests permission to move for summary judgment: (1) for willful infringement against AFP, Getty and their customers for willful direct copyright infringement (2) for individual direct liability and secondary liability against Getty; and Morel also respectfully requests permission to move: (3) against AFP for secondary liability (4) against the Washington Post for direct copyright infringement and (5) against Getty, AFP and the Washington Post for each violation of the DMCA.

Further <u>Morel requests that the discovery cut-off date be adjourned pending the resolution of the motion for summary judgment</u> and the outstanding discovery issues , except as to the depositions of TwitPic and Twitter which unless the subject of a motion to compel, will

---

[1] Mr. Morel respectfully refers the Court to the Decision for a recitation of the applicable law.

THE HOFFMAN LAW FIRM
Page 4
August 26, 2011
Judge William H. Pauley III

go forward. Suspending the other depositions of Mr. Morel we save attorney time and cost and not delay proceeding to trial, if necessary. I believe counsel for Getty does not object.

                        Respectfully submitted,

By:   /s/_____
Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, NY 10023
(212) 873-6200

cc:    Joshua Kaufman, Esq. [*via e-mail*]
        James Rosenfeld, Esq. [*via e- mail*]
        Saul Shapiro, Esq. [*via e- mail*]
        Daniel Morel [*via e-mail*]

Encl.:  Exhibit A