UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| AGENCE FRANCE PRESSE, | : |
| Plaintiff, | : |
| - against - | : |
| DANIEL MOREL, | : 10 Civ. 2730 (AJN)(MHD) |
| Defendant and Counterclaim-Plaintiff. | : |
| - against - | : |
| AGENCE FRANCE PRESSE, | : |
| Counterclaim-Defendant, | : |
| - and - | : |
| GETTY IMAGES (US), INC.; THE WASHINGTON POST COMPANY; and AFP and GETTY Licensees Does 1-et al., | : |
| Third-Party Defendants. | : |

------------------------------------------------------------x

## COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR RECONSIDERATION

Agence France Presse ("AFP"), Getty Images (US), Inc. ("Getty Images") and The Washington Post Company ("The Washington Post") (jointly "Counterclaim Defendants") move pursuant to Southern District of New York Local Rule 6.3 and/or Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's Opinion and Order on Summary Judgment (Dkt. 192) ("Order") to clarify the important issue of Counterclaim Defendants' potential

exposure under the Copyright Act to Counterclaim Plaintiff Daniel Morel ("Mr. Morel" or "Counterclaim Plaintiff") and provide this memorandum in support thereof.[1]

Counterclaim Defendants move for a motion for reconsideration of the Court's Order in order to clarify the Counterclaim Defendants' potential exposure under the Copyright Act. Counterclaim Defendants believe that the Court correctly determined that under the Copyright Act, Mr. Morel would only be entitled to a single award against any jointly and severally liable Counterclaim Defendants. However, the Court made one statement in its Order that seems to imply that AFP and Getty Images would *each* be liable for a statutory damage award, which does not follow the authority presented, the record evidence, or the remainder of the Court's Order. Counterclaim Defendants thus respectfully seek to have the Court order that, even if Mr. Morel prevails in full on his copyright claims as to each Counterclaim Defendant, he would, at most, be entitled to a single statutory damages award per work under the Copyright Act.

## LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

"The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." *Abrahamson v. Board of Educ. of Wappingers Cent. School Dist.*, 237 F.Supp.2d 507, 510 (S.D.N.Y. 2002)(internal citations omitted). "To prevail on a motion for reconsideration, the movant must demonstrate that a court overlooked factual matters or controlling decisions 'that might reasonably be expected to alter

---

[1] "Technically, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration. A reconsideration motion is construed in one of two ways. Courts have generally held that, regardless of title, any motion for reconsideration filed within the time specified by Rule 59(e) is treated as a motion to alter or amend judgment. A motion filed more than 28 days after entry of judgment of judgment is treated as a motion seeking relief from judgment under Rule 60(b) . . . ." Moore's Federal Practice § 59.30[7].

the conclusion reached.'" *Hedgeco, LLC v. Schneider*, No. 08 Civ. 494, 2009 WL 1309782, at *2 (S.D.N.Y. May 7, 2009)(granting motion for reconsideration of denial of summary judgment, filed pursuant to Fed.R.Civ.P. 59(e) and Local Rule 6.3, where the court overlooked facts relevant to whether plaintiff could prove that it suffered damages, an essential element of each of the three remaining claims); see also *Abrahamson*, 237 F.Supp.2d at 510; *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 256 (2d Cir.1995) (finding no error where lower court granted motion for reconsideration).

A court will grant such a motion where it failed to take account of record evidence which, if considered by the court, would have mandated a different result. *See e.g., Microsoft Corp. v. AGA Solutions, Inc*., No. 05 Civ. 5796, 2009 WL 1033784, at *3-4 (E.D.N.Y. April 17, 2009)(granting motion for reconsideration of denial of summary judgment where movant directed the court's attention to additional evidence, submitted initially on the summary judgment motion); *Chenette v. Kenneth Cole Prods., Inc*., No. 05 Civ. 4849, 2008 WL 4344588, at *1 (S.D.N.Y. Sept. 16, 2008) (granting motion for reconsideration and dismissing sole remaining claim on summary judgment where court's opinion had omitted analysis of the facts relating to two elements of a claim). Though a motion for reconsideration should not advance new facts, issues or arguments not previously presented to the court, it may introduce relevant authority that was not before the court when it initially ruled on the matter. *Microsoft Corp.*, 2009 WL 1033784, at *2.

The decision to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *See Figueroa v. City of New York*, No. 00 Civ. 7559, 2002 WL 31163880, at *1 (S.D.N.Y. Sept. 27, 2002) (granting motion for reconsideration where the court

overlooked several facts that were before it on a motion for summary judgment), *aff'd*, 118 Fed. Appx. 524 (2d Cir. 2004).

## ARGUMENT

The Court correctly analyzed the application of the Copyright Act's statutory damages provision where multiple defendants may be held liable for infringement.  As the Order explained, if multiple infringers have engaged in infringements for which all are jointly and severally liable, Section 504(c)(1) of the Copyright Act mandates a ***single*** award of statutory damages per work infringed, whereas if multiple infringers are individually liable, a ***separate*** award of statutory damages against each infringer – again one award for each work infringed – is appropriate.  (Order, p. 50).  Based on this distinction, the Court analyzed the application of Section 504(c)(1) to situations involving "an alleged infringer who, through principles of secondary liability, may be found jointly liable with a number of alleged downstream direct infringers, none of whom are jointly liable with the other alleged downstream infringers" – such as Getty Images and its licensees, including the Washington Post.  Based on the statutory text, legislative intent, Second Circuit case law and the "absurd results" that would flow from multiplying statutory damages by the number of licensees, the Court concluded "that any awards of statutory damages against AFP or Getty may not be multiplied based on the number of infringers with whom AFP or Getty is jointly and severally liable."  (Order, p. 56).

The Court then stated, "[r]ather, AFP and Getty are, at most, ***each*** liable for a single statutory damages award per work infringed."  *Id.* (emphasis added).  Defendants believe that the above sentence runs contrary to the rest of the Court's ruling as it should not include the word "each" since, assuming Mr. Morel prevails on liability against Getty Images, AFP and Getty Images would themselves be jointly and severally liable with one another.

4

Defendants made this argument in their Motion for Summary Judgment. *See* Dkt. 144 at 46-47 ("Because it is undisputed that AFP licensed the photos to Getty Images, which licensed them to the Post, the three defendants, if liable at all, would be liable 'jointly and severally,' and thus subject to only a single statutory damages award for each of Morel's photos in the action."), citing *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 313, 316 (S.D.N.Y. 2011); *see also* Dkt. 144 at 50 (Defendants urged that the decision in *Lime Group* be followed – that "Plaintiffs are entitled to a single statutory damage award from Defendants per work infringed, regardless of how many individual users directly infringed that particular work."); *see also* Defendants' Reply, Dkt. 174, p. 22. Thus, the Court had before it authority that a licensee and licensor are jointly and severally liable. *See* Dkt. 144 at 46 ("Where defendants have participated in alleged infringement pursuant to a licensor-licensee arrangement, liability is found on a joint-and-several basis."), citing *Bouchat v. Champion Products, Inc.*, 327 F. Supp. 2d 537, 547-48 (D.Md. 2003), *aff'd sub nom. Bouchat v. The Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 329 (4th Cir. 2007) (also cited by the Court at Order, p. 54 and by Counterclaim Defendants at Dkt. 162, p. 39, Dkt. 174, p. 22, 24-25); *McClatchey v. Associated Press*, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007); *U.S. Media Corp. v. Edde Entm't Corp.*, No. 94 Civ. 4849, 1998 WL 401532, at *20 (S.D.N.Y. July 17, 1998)). The Counterclaim Defendants also direct the Court to additional authority that was not previously before the Court that adopts this proposition. *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985)(parties are jointly and severally liable when they "participate in, exercise control over, or benefit from an infringement.").

Applying this authority to the record evidence demonstrates that AFP and Getty Images would be jointly and severally liable to the extent Mr. Morel prevails. AFP downloaded a total of eight photos in which Morel owns the copyright (Order, p. 4) and AFP supplied the eight

5

photos to Getty Images pursuant to a license agreement (Order, pp. 4, 5).[2] As such, the Court had before it both the necessary evidence and authority to reach the conclusion that Getty Images and AFP are jointly and severally liable, just as it reached the conclusion that Getty Images and Slate, and Getty Images and the Post, are jointly and severally liable (Order, p. 51). Getty Images obtained the photos pursuant to a licensing arrangement with AFP, just as Slate and The Washington Post obtained them pursuant to a licensing arrangement with Getty Images. There is no basis for treating AFP and Getty Images differently than the further downstream licensees.

## CONCLUSION

Counterclaim Defendants accordingly request that the Court reconsider its statement that "AFP and Getty are, at most, ***each*** liable for a single statutory damages award per work infringed" (Dkt. 192, p. 56) and instead hold that Morel is, at most, entitled to a single statutory damages award per work infringed for a total of eight (8) statutory damage awards against Counterclaim Defendants jointly.

---

[2] "At the time AFP forwarded Morel's images to Getty, AFP and Getty had entered into a license agreement under which they granted reciprocal rights to, *inter alia*, display and license their images." Order, p. 5, citing the license agreement between AFP and Getty Images at Hoffman Decl. Ex. AA; CC Def. SMF ¶ 46-47; Morel CSMF ¶ 46-47.

February 8, 2013

Respectfully Submitted,

By: /s/
    Joshua J. Kaufman
    Meaghan H. Kent
    Elissa B. Reese
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Fax: (202) 344-8300

*Counsel for Plaintiff-Counterclaim Defendant Agence France Presse*

By: /s/
    James Rosenfeld
    Deborah Adler
    Samuel M. Bayard
DAVIS WRIGHT TREMAINE LLP
1633 Broadway 27th floor
New York, New York 10019
Telephone: (212) 489-8230

*Attorneys for Counterclaim Defendants Getty Images (US), Inc. and The Washington Post Company*