UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x

AGENCE FRANCE PRESSE,

               Plaintiff,

    - against -                           10 Civ. 2730 (AJN)(MHD)

DANIEL MOREL,

            Defendant and
            Counterclaim-Plaintiff,

    - against -

AGENCE FRANCE PRESSE,

            Counterclaim-Defendant,

    - against -

GETTY IMAGES (US), INC.; THE
WASHINGTON POST COMPANY; and AFP and
GETTY Licensees Does 1-et al.,

            Third-Party Defendants.

---------------------------------------------------------------x

## COUNTERCLAIM DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

| | |
|---|---|
| Joshua J. Kaufman | James Rosenfeld |
| Meaghan H. Kent | Deborah Adler |
| Elissa B. Reese | Samuel M. Bayard |
| VENABLE LLP | DAVIS WRIGHT TREMAINE LLP |
| 575 7th Street, N.W. | 1633 Broadway 27th floor |
| Washington, DC 20004-1601 | New York, New York 10019 |
| Telephone: (202) 344-4000 | Telephone: (212) 489-8230 |
| Fax: (202) 344-8300 | |
| | |
| *Counsel for Plaintiff-Counterclaim Defendant Agence France Presse* | *Attorneys for Counterclaim Defendants Getty Images (US), Inc. and The Washington Post Company* |

In his supplemental brief, Mr. Morel now advances his *third* distinct theory as to why he should be entitled to multiply the number of statutory damages awards under 17 U.S.C. § 504(c)(1). Initially, Morel argued that he was entitled to multiply the number of statutory damages awards by the number of downstream licensees who were not jointly and severally liable with one another. Opinion, at 51. At oral argument on the motion for reconsideration, Morel argued that he is entitled to two statutory damages awards against Getty Images—one joint-and-several and one individual. *See, e.g.*, Tr. at 10:24-11:9; 12:2-6; 12:22-13:22. In his supplemental brief, claiming that these statements were "in error," (Supp. Opp. at 1 n.1), Morel asserts that he can, at his own election and despite the undisputed facts in the record, treat AFP and Getty Images as wholly unrelated parties for purposes of statutory damages. He claims that he can therefore collect one award from AFP for its initial joint infringement with Getty Images and one award from Getty Images for its subsequent alleged individual infringement. *See, e.g.*, Supp. Opp. at 1, 6. Morel's new theory should be rejected for two reasons.

*First*, Morel's theory would impermissibly permit him to obtain two awards against Getty Images through the transparent legal fiction that AFP can be "individually" liable for pre-kill notice infringement, when the facts establish and Morel concedes that, to the extent Getty Images is liable at all, it would be jointly and severally liable with AFP for that infringement. Section 504(c)(1)'s limitation for jointly and severally liable defendants is not optional, and Morel cannot circumvent this limitation through semantic gamesmanship or disingenuous interpretation of the statute.

*Second*, even if Morel's approach were correct as a matter of law, the undisputed facts establish that there was a single course of infringement. Morel does not and cannot seriously dispute that, both before and after the caption correction and kill notice, Getty Images distributed

1

the *same* photos, obtained from the *same* source, through the *same* medium for one continuous three-week period. Any dispute between AFP and Getty Images regarding the sufficiency of the caption correction and kill notice goes at most to their respective states of mind and does not provide grounds for finding a new independent infringement.

## ARGUMENT

I.  **Section 504(c)(1) Forecloses Morel's Theory of Statutory Damages.**

Morel himself acknowledges that, assuming Getty Images' liability, AFP and Getty Images are jointly and severally liable for infringements prior to AFP's caption correction and kill notice. *See* Tr. at 10:24-11:4, 12:1-6, 12:22-13:22, 15:16-23, 20:21-24; Supp. Opp. at 4, 5 n.6. Morel cannot reasonably dispute that AFP provided the photos at issue to Getty Images pursuant to their distribution agreement, and that Getty Images thereafter distributed the photos to its customers. *See* Supp. Br. at 8-9.[1] Given these facts and Morel's own concessions, Morel cannot simply declare that an award against AFP for pre-kill notice infringement would be for "individual" infringement. Rather, it would be "an award of statutory damages . . . for which any two or more infringers are liable jointly and severally," triggering the one-award-per-work limitation in § 504(c)(1).

Nothing in the statute, legislative history, or case law supports Morel's view that the joint-and-several liability limitation in § 504(c)(1) is *optional* at the election of the plaintiff. Morel's reading of the statutory language (Supp. Opp. at 3-4) would require the Court to delete

---

[1] Morel claims there is an issue of fact regarding whether Getty Images obtained the photos at issue *exclusively* from AFP, but concedes that it received some of the photos at issue from AFP. Supp. Opp. at 10 n.18. The Court has already correctly found that "Morel's contention that Getty [Images] obtained and licensed the Photos-at-Issue before their transmission by AFP appears unsupported." Opinion, at 37. In any event, Morel's entire theory of damages revolves around the claim that Getty Images continued to license the photos it obtained from AFP after receiving notice not to do so. *See, e.g.*, Tr. at 19:3-5 (arguing that Getty Images would be liable for multiple infringements if the kill notice "came from the originating source who they were jointly and severally liable from").

2

the clause "*or* for which any two or more infringers or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1) (emphasis added).  None of the cases cited by Morel remotely support his view.  The case Morel relies most heavily upon, *Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992), discussed § 504(c) only in *dicta*, and the language in question addresses a situation in which two different defendants each commit plainly separate infringements of the same work.  *Id.* at 144.  *Mason*'s hypothetical does not address a situation where two defendants are jointly and severally liable for the same infringing conduct, but the plaintiff elects to seek "individual" damages awards against them both on the theory that some of their infringements are separate.[2]  More on point, and indeed dispositive of Morel's new theory, is *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, where the Second Circuit held that two defendants could not be held liable separately when the "infringement flowed from [defendants'] joint action."  807 F.2d 1110, 1116 (2d Cir. 1986).

However Morel tries to frame it, he is actually seeking two awards from Getty Images—one for alleged pre-kill notice infringement for which Getty Images and AFP would be jointly and severally liable, and one for alleged post-kill notice infringement by Getty Images.  Morel tries to hide that he is seeking two awards per work against Getty Images through wordplay, but his approach would frustrate congressional intent to "dissociate[] the award of statutory damages from the number of infringements," *WB Music Corp. v. RTV Comm'n Group, Inc.*, 445 F.3d 538,

---

[2] Besides *Mason,* Morel cites plainly inapposite cases for general principles of law that have no immediate bearing on the issue at hand. *See, e.g.*, *Harper & Row v. Nation Enters.*, 471 U.S. 539 (1985) (statutory damages not at issue); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11 Cir. 2010) (same).  To the extent Morel's cases involve statutory damages at all, they support Counterclaim Defendants' view that only a single statutory damages award is warranted. *See U.S. Media Corp. v. Edde Entm't Corp.*, No. 94 CIV. 4849(MBM)(MHD),1998 WL 401532, at *23 (S.D.N.Y. Jul. 17, 2008) (single statutory damages award for jointly and severally liable defendants); *Microsoft Corp. v. Computer Care Center, Inc.*, No. 06-CV-1429, 2008 WL 4179653, at *9 (E.D.N.Y. Sept. 10, 2008) (default judgment entered jointly and severally).

540 (2d Cir. 2006), and would improperly treat jointly and severally liable defendants differently from individually liable infringers, *Arista Records, LLC. v. Lime Group, LLC*, 784 F. Supp. 2d 313, 316 (S.D.N.Y. 2011).[3]

## II.    Any Dispute About the Sufficiency of the Kill Notice Goes to State of Mind, Not Individual Infringement.

Morel does not seriously dispute that Getty Images distributed the same photos, obtained from the same source,[4] through the same medium, in one continuous burst of licensing the images, both before and after the caption correction and kill notice. Supp. Br. at 8-9. Nor does he dispute that AFP never conveyed a valid license to Getty Images, so its caption correction and kill notice merely served the same purpose as any notice of alleged copyright infringement. Supp. Br. at 9. Instead, Morel argues that AFP's and Getty Images' differing views on the sufficiency of AFP's kill notice create issues of fact regarding whether Getty Images' pre- and post- kill notice distribution of the photos at issue should be treated as a single course of infringement. Supp. Opp. at 8-11. This argument fails, however, because any dispute about the sufficiency of the kill notice goes at most to AFP's and Getty Images' state of mind, not to whether a new series of unrelated infringements commenced. See Supp. Br. at 9-11.[5]

AFP argues that it sent the kill notice as an effort to stop further infringement, showing its good faith once it discovered the infringement. *See* CC Def. SMF ¶ 205 (Dkt. 129) (quoted at

---

[3] Counterclaim Defendants do not argue, as Morel suggests (Supp. Opp. at 7), that a defendant's right to indemnification from a third party should affect its liability to the plaintiff, but rather maintain that one perverse effect of Morel's approach would be to cause distributors of licensed content who indemnify their licensees to think twice before sending a kill notice for fear that it could subject them to multiple damages awards for infringement of the same work.

[4] *See supra* note 1 (noting lack of material issue about source of photos).

[5] Morel's citations for the proposition that "Getty's individual liability for its own infringing action is a question of fact to be decided by the jury" again are wholly inapposite. *See, e.g.*, *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557 (7th Cir. 2003) (statutory damages not at issue; only one defendant); *Castillo v. Time Warner Cable*, No. 09 Civ. 7644, 2011 WL 5084590 (S.D.N.Y. Oct. 24, 2011) (employment discrimination case); *Zirlin v. Village of Scarsdale*, 365 F. Supp. 2d 477 (S.D.N.Y. 2005) (civil rights action).

Supp. Opp. at 11).[6] Getty Images points to the alleged inadequacies in the kill notice as evidence that it did not act willfully in failing to remove Suero-credited photos until February 2, 2010. CC Def. Joint Mem. in Opp. to Morel's Mot. for Summ. J., at 31 n.10 (Dkt. 162) (quoted at Supp. Opp. at 11).[7] Counterclaim Defendants' respective attempts to prevent further infringement once they became aware of the infringing content go to their state of mind. Counterclaim Defendants will argue that they did not act willfully and Morel will dispute that—but these facts do *not* suggest that Getty Images was somehow striking out on its own course of alleged infringement and cannot support a doubling of statutory damages. At bottom, Morel's argument is that Getty Images should have done a better job of identifying the mislabeled Suero-credited images in a high-volume, automated process. Although the parties may dispute whether it did a good or bad job in this respect, there is no dispute that Getty Images acted in the context of the (apparent) licensing relationship with AFP, and thus there was no "break" that could create two separate infringements.[8] Morel's newest attempt to multiply his statutory damages awards should be rejected.

---

[6] To the extent AFP argued in Counterclaim Defendants' summary judgment brief—in relation to a different topic—that such notice meant it could not participate in further infringement by third parties, it expressly excluded Getty Images from that assertion. CC Def. Joint Mem. in Supp. of Mot. for Summ. J., at 33 (Dkt. 144) (quoted at Supp Op. at 10-11).

[7] Morel suggests that Getty Images distributed Morel images in deliberate disregard of the kill notice (Supp. Opp. at 8), but neither the kill notice nor the notification from Corbis on January 13 indicated that images were credited to Lisandro Suero or "David" Morel, identified specific Getty Images image numbers, or provided thumbnails or descriptions of the images. Hambach Decl., Exs. A, B (Dkt. 133-1, 2); Cameron Decl., Ex. C (Dkt. 138-3). Getty Images removed Daniel Morel-credited photos at the latest by January 14. *See* Opinion, at 8 & n.5. When notified by Corbis on February 2 about the Suero-credited photos, Getty Images promptly stopped licensing them. *See* Opinion, at 10.

[8] Counterclaim Defendants did not "acknowledge that [Getty Images'] liability is a factual issue" at the February 22 hearing. Supp. Opp. at 9. In the quoted portion of the transcript, counsel for AFP made clear that there was no genuine issue of fact that Getty Images received the photos at issue from AFP pursuant to their license agreement, and that Getty Images then purported to license the same photos to third parties. *Id.*

5

| | |
|---|---|
| March 12, 2013 | Respectfully Submitted, |

                             By: /s/_____
                                Joshua J. Kaufman
                                Meaghan H. Kent
                                Elissa B. Reese

VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Fax: (202) 344-8300

*Counsel for Plaintiff-Counterclaim Defendant Agence France Presse*

                             By: /s/_____
                                James Rosenfeld
                                Deborah Adler
                                Samuel M. Bayard

DAVIS WRIGHT TREMAINE LLP
1633 Broadway 27th floor
New York, New York 10019
Telephone:  (212) 489-8230

*Attorneys for Counterclaim Defendants Getty Images (US), Inc. and The Washington Post Company*