# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                :

AGENCE FRANCE PRESSE,
                            Plaintiff,                  :

                        -v.-                          :

DANIEL MOREL,                       :
                         Defendant,              10-CV-2730 (AJN) (FM)
                                      :
                        -v.-                          ECF CASE
                                      :

GETTY IMAGES, INC., ET AL.,
                              Counterclaim      :
                              Defendants

                                                :

-------------------------------------------------------------X

## SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED[1]

## I.    CLAIMS REMAINING TO BE TRIED

       Mr. Morel states that the following counterclaims remain to be tried:

### A.    First Counterclaim:  Copyright Infringement (17 U.S.C. § 101 *et seq.*), against AFP and Getty Images

       This Court has found AFP and Getty Images liable for direct infringement of Mr.

Morel's copyright in eight photographs he took in the aftermath of the 2010 Haiti

earthquake.  (Dkt. No. 192 at 24.)

       At trial, Mr. Morel intends to prove that the infringement committed by AFP and

Getty Images were willful and intentional.  Mr. Morel will prove that AFP:  knew or should

have known that the photographs at issue were Mr. Morel's or, at a minimum, were not

Lisandro Suero's; knowingly and intentionally acquired them without Mr. Morel's

---

[1]    The parties assert that the discussion contained herein is in summary form only and does not substitute for the pleadings and the proof to be offered at trial.

permission; and did not follow AFP's own policies regarding the acquisition or use of

materials from social media websites.  Mr. Morel will also prove that Getty Images

continued to display, license, and distribute Mr. Morel's copyrighted photographs after it

received AFP's change of caption notice, advising them to change the name of the

photographer, and that Getty Images continued to display, license, and distribute Mr.

Morel's copyrighted photographs after it received the "kill notice" that directed licensees

to stop using Mr. Morel's images.

Mr. Morel intends to seek the maximum damages award for infringement of his

copyright.

**B.      Second Counterclaim:  Contributory Copyright Infringement (17
           U.S.C. § 101 *et seq.*), against AFP and Getty Images**

At trial, Mr. Morel intends to prove that AFP and Getty knowingly and

intentionally transmitted, distributed, sold, and licensed Mr. Morel's copyrighted

photographs to downstream users who directly infringed Mr. Morel's copyright.  The

downstream infringers used AFP's wire, servers, and website, as well as Getty Images'

FTP feed, servers, and website, to accomplish their infringement.  Mr. Morel intends to

prove that AFP's and Getty Images' contributory infringement was willful for the reasons

set forth under Mr. Morel's First Counterclaim above.

Mr. Morel intends to seek the maximum damages award for the infringement of his

copyright.

**C.      Third Counterclaim:  Vicarious [and Contributory] Copyright
           Infringement (17 U.S.C. § 101 *et seq.*), against Getty Images**

Mr. Morel contends that Getty Images vicariously infringed Mr. Morel's copyright

in his photographs.  Mr. Morel will show that Getty Images had the right and ability to

control or supervise the infringing activity, and that Getty Images had and enjoyed a direct financial interest in its exploitation of Mr. Morel's photographs.

Mr. Morel intends to prove that Getty Images' vicarious infringement was willful for the reasons set forth under Mr. Morel's First Counterclaim above.

Mr. Morel intends to seek the maximum damages award for each of the eight photographs willfully infringed.

**D.     Fourth Counterclaim:  Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(a)), against AFP and Getty Images**

Mr. Morel contends that AFP and Getty Images each knowingly provided and distributed false copyright management information ("CMI") with the intent to induce, enable, facilitate, or conceal infringement.  First, Mr. Morel intends to prove that AFP and Getty Images each added or changed the caption information for his photographs such that at least twenty-four different captions came to be associated with one or more of his photographs.  These captions included, among others, "Daniel Morel/AFP/Getty Images," "Lisandro Suero/AFP/Getty Images," "Daniel Morel/Agence France-Presse – Getty Images," and "AFP/Getty Images/Daniel Morel."  Mr. Morel intends to prove that the inclusion of "AFP" and "Getty" in the caption conveyed false and altered CMI about the ownership of Mr. Morel's photographs.

Second, the Court has found watermarks to be "facially suggestive of ownership." Mr. Morel intends to prove that AFP and Getty knowingly provided or distributed false CMI by adding Getty or AFP watermarks to some or all of Mr. Morel's photographs.

Third, AFP designated Mr. Morel as a "stringer" in caption information attached to his photographs, and Mr. Morel intends to prove that this designation conveyed false CMI in connection with his photographs.

3

Mr. Morel intends to seek the maximum damages awards for each violation of § 1202(a).

**E.      Fifth Counterclaim:  Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)), against AFP and Getty Images**

Mr. Morel intends to prove that AFP and Getty Images:  (a) intentionally removed or altered CMI without Mr. Morel's permission; (b) distributed or imported for distribution CMI knowing that the CMI had been removed or altered without Mr. Morel's permission; or (c) distributed or imported for distribution Mr. Morel's photographs knowing that the CMI had been removed or altered without permission.  In addition, Mr. Morel intends to prove that AFP and Getty Images took such actions knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate or conceal copyright infringement.

Mr. Morel intends to seek the maximum damages awards for each violation of § 1202(b).

**F.      Attorneys' Fees**

Mr. Morel intends to seek attorneys' fees and litigation costs as permitted pursuant to 17 U.S.C. § 505 and 17 U.S.C. 1203(b)(4) and (5).

**II.    DEFENSES REMAINING TO BE TRIED**

As for their defenses, Counterclaim Defendants state the following:

**A.      Copyright Infringement**

**1.      Direct Copyright Infringement**

Counterclaim Defendants do not dispute that Mr. Morel holds a valid copyright in the eight photos-at-issue or that AFP downloaded those photos from TwitPic and

4

redistributed them to Getty Images, which in turn distributed them to other downstream customers, including the Washington Post.

Counterclaim Defendants dispute that they acted with reckless disregard or willfulness in the infringement of Mr. Morel's copyright and do not believe Mr. Morel can meet his burden of proof on this point.  To the contrary, at the time that each Counterclaim Defendant reproduced, distributed, or displayed the photos-at-issue, they believed they had the right to do so and were acting within industry norms, customs, and practice.  Moreover, once apprised of the presence of infringing photos on their systems, Counterclaim Defendants took prompt and reasonable steps to remove them from their systems and to cease distributing them.  As such, Counterclaim Defendants acted with innocent intent and without any belief that their acts constituted copyright infringement.  Counterclaim Defendants' joint and several liability for statutory damages, if any, is therefore limited to a range between $200 and $30,000 per photograph.

Getty Images will not pursue at trial its **Second Defense (DMCA Safe Harbor)** or the "volitional conduct" argument raised in Counterclaim Defendants' motion for summary judgment.  Getty Images withdraws its defense of indemnification and/or contribution without prejudice because any such claim has not yet accrued.  Counterclaims Defendants will assert the following defenses, which were listed among the defenses in their respective Answers, but do not assert that they are affirmative defenses:  Innocent Intent, Good Faith, and Insufficient/Speculative Damages.  Counterclaim Defendants will also demonstrate that Mr. Morel's conduct in posting his photographs to TwitPic, and Lisandro Suero's conduct in stealing the photos and posting them on his own TwitPic page, were the proximate cause of the damages suffered by Mr. Morel and/or contributed to any

injury or damage Mr. Morel claims to have suffered.  Finally, any statutory damages award

for copyright infringement must comport with due process of law under the Fourteenth

Amendment to the United States Constitution.  *See State Farm Mut. Auto. Ins. Co. v.

Campbell*, 538 U.S. 408 (2003); *BMW v. Gore*, 517 U.S. 559 (1996).  Counterclaim

Defendants will establish, in post-trial proceedings,  that they are entitled to a credit against

the amount of the judgment for amounts paid by settling co-defendants who were jointly

and severally liable with them.  *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow

Corp.*, 453 F.2d 552, 554 (2d Cir. 1972); *TMTV, Corp. v. Mass Prods., Inc.,* 645 F.3d 464,

473-74 (1st Cir. 2011); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278

(11th Cir. 2008).

### 2. Contributory Copyright Infringement

AFP and Getty Images deny that they have engaged in contributory copyright

infringement because Mr.  Morel has the burden to prove and will be unable to prove that

AFP and Getty Images "(1) knew or had reason to know of the underlying direct

infringement and (2) materially contributed to the infringement." *Capitol Records v.

MP3tunes, LLC*, 821 F. Supp. 2d 627, 648 (S.D.N.Y. 2011); *Centrifugal Force, Inc. v.

Softnet Commc'n, Inc.*, 2011 U.S. Dist. LEXIS 20536, at *11 (S.D.N.Y. Mar. 1, 2011).

Specifically, at the time that AFP and Getty Images distributed the photos-at-issue they did

not believe that they were infringing, and to the contrary, believed they had the right to

distribute them.  And once alerted to the infringement, AFP and Getty Images took

reasonable steps to remove them from their system and cease distributing them.  AFP and

Getty Images thus did not know or have reason to know of the direct infringement.

### 3.      Vicarious Copyright Infringement

Getty Images denies that it has engaged in vicarious copyright infringement because Mr. Morel has the burden to prove and will be unable to prove that Getty Images (1) had the right and ability to supervise or control the infringing activity of those customers that infringed Mr. Morel's copyright in the Photos; and (2) profited directly from the infringing activity of those customers. *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012); *Arista Records LLC v. Lime Group LLC*,784 F. Supp. 2d 398, 434-435 (S.D.N.Y. 2011).  The "right and ability to control" element requires not just the ability to block access to infringing content but a more substantial level of involvement and control.  *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 473 (S.D.N.Y. 2002).  Getty Images did not exercise this degree of control over its licensees' activities.

### B.      Digital Millennium Copyright Act Claims

### 1.      DMCA § 1202(a)

AFP and Getty Images deny that they have violated the Digital Millennium Copyright Act § 1202(a).  Mr. Morel has the burden to prove and will be unable to prove that Counterclaim Defendants knowingly provided or distributed false copyright management information with the intent to induce, enable, facilitate, or conceal copyright infringement. 17 U.S.C. § 1202(a); *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 304 (S.D.N.Y. 2011); *Agence Fr. Presse v. Morel*, 2013 WL 146035, at *22 (S.D.N.Y. Jan. 14, 2013).  AFP and Getty Images did not know that the allegedly false CMI was false, and they did not provide or distribute any false CMI with the intent to induce, enable, facilitate, or conceal infringement. *Ward v. Nat'l Geographic Soc'y*, 208 F. Supp. 2d 429, 449-50 (S.D.N.Y. 2002); *see also Agence Fr. Presse*, 769 F. Supp. 2d at 304-05.

### a. "Suero" in the caption

Mr. Morel first asserts that Counterclaim Defendants' inclusion of "Suero" in the caption credit violated § 1202(a).  First, AFP will prove that AFP obtained the eight photographs (and others) from Suero's Twitpic page, not Mr. Morel's Twitpic or Twitter page.  As such, AFP believed that crediting Suero was true and correct, and it did not have any knowledge that "Suero" was false.  As such, the knowledge element is not met.  Second, as soon as AFP learned that Mr. Morel was the photographer, it issued a caption correction, demonstrating both (1) that AFP did not distribute the photographs with "Suero" in the caption credit once it had knowledge that Suero was not the photographer and (2) that AFP did not include "Suero" in order to "induce, enable, facilitate or conceal infringement."

Getty Images will establish at trial that it reasonably relied on the caption information provided to it by AFP and had no reason to know that the caption credit to Suero was incorrect at the time  the photographs went out over the feed and appeared on Getty Images' website.  Getty Images acted promptly to respond to notification about the Morel-credited photos on January 13 and the kill notice from AFP on January 14, but neither of these notices mentioned Suero-credited photos.  Getty Images only learned of Suero-credited images on February 2, 2010, at which time it promptly removed the photographs from its website.  Getty Images therefore will be able to show that it lacked both the requisite knowledge that CMI was false and any intent to "induce, enable, facilitate or conceal infringement."

### b. "AFP/Getty Images" in caption

Mr. Morel secondly asserts that Counterclaim Defendants' inclusion of "AFP/Getty Images" in the caption credit violated § 1202(a). First, Counterclaim Defendants will prove that this portion of a caption does not designate the name, or other identifying information about, the author or copyright owner of the work, and as such does not constitute false CMI. 17 U.S.C. § 1202(c)(2)-(3). Second, Counterclaim Defendants will prove that they did not knowingly provide or distribute false CMI and did not include "AFP/Getty Images" in order to "induce, enable, facilitate or conceal infringement" because they believed at the time of distribution that they had the right to distribute the photos. As soon as it learned otherwise, AFP issued a kill notice and took measures to cease distribution. Likewise, as soon as Getty Images was adequately put on notice of infringing photographs on their websites, it promptly took steps to remove them. To the extent Mr. Morel continues to allege that Getty Images distributed the photos with caption credits that read "AFP/Getty Images" without any photographer listed, Getty Images will prove that Getty Images did not distribute any photos-at-issue without a photographer name in the caption credit.

### c. Watermarks

Mr. Morel thirdly asserts that Counterclaim Defendants' inclusion of watermarks on photos violated § 1202(a). First, AFP will prove that the only watermark added by AFP is to photos on ImageForum and these bear a watermark that says "ImageForum." AFP never adds a watermark that includes "AFP." Second, AFP will prove that inclusion of any watermark, particularly one that says "ImageForum," does not show copyright information, and as such cannot constitute false CMI. Third, AFP will prove that it did not

knowingly provide or distribute false CMI and did not include any watermarks in order to "induce, enable, facilitate or conceal infringement" as it believed at the time of distribution that it was permitted to distribute the photos.  As soon as it learned otherwise, it issued a kill notice and took measures to cease distribution.

Getty Images and AFP will establish that they use watermarks only as a protective measure to prevent copyright infringement of photographs on their respective websites, and that they did not add watermarks to the photos-at-issue knowing that any such watermarks were false or with any intent to "induce, enable, facilitate or conceal infringement."  Far from showing such intent, the use of watermarks shows their care and attention to intellectual property rights.

### d.  Stringer

Mr. Morel fourthly asserts that AFP's identification of Suero and then Mr. Morel as a "stringer" in its internal database violated section 1202(a).  First, AFP will prove that identification of a photographer as a "stringer" does not qualify as copyright management information, and as such cannot constitute false CMI.  Second, AFP will prove that it did not knowingly provide or distribute false CMI and did not identify a photographer as a "stringer" in order to "induce, enable, facilitate or conceal infringement" as it believed at the time of distribution that it was permitted to distribute the photos.  As soon as it learned otherwise, it issued a kill notice and took measures to cease distribution.

Getty Images will prove that, to the extent it distributed or displayed photographs identifying Suero or Mr. Morel as a "stringer," it reasonably relied on the information provided to it by AFP and did not do so in order to "induce, enable, facilitate or conceal infringement."

10

### 2.  DMCA § 1202(b)

AFP and Getty Images deny that they violated the Digital Millennium Copyright Act § 1202(b).  Mr. Morel has the burden to prove and will be unable to prove that Counterclaim Defendants took any of the following acts with the knowledge or reasonable grounds to know that these acts will "induce, enable, facilitate, or conceal an infringement": "(1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute . . . works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law."  17 U.S.C. § 1202(b); *see also, e.g., Gordon v. Nextel Commc'ns*, 345 F.3d 922, 925-27 (6th Cir. 2003) (discussing § 1202(b)).  Notably, all of these acts require removal of some sort of CMI, and all require knowing and/or intentional conduct.  AFP, however, never removed any CMI or knew of any such removal.  AFP will prove that AFP obtained the eight photographs (and others) from Suero's Twitpic page; not Mr. Morel's Twitpic page.  As such, AFP never removed the credit to "Morel" as it did not know of Mr. Morel's page when it distributed the photographs with the "Suero" credit.  AFP believed that crediting Suero was true and correct, and it did not have any knowledge that "Suero" was false.  As such, the knowledge element is not met.  Second, as soon as AFP learned that Mr. Morel was the photographer, it issued a caption correction, demonstrating both (1) that AFP did not distribute photographs captioned "Suero" with knowledge that Suero was not the photographer, and

11

(2) that AFP did not include "Suero" in order to "induce, enable, facilitate or conceal infringement."

Getty Images will establish at trial that it reasonably relied on the credit information provided to it by AFP and only learned of Suero-credited images on February 2, 2010, at which time it promptly removed the photographs from its website.  Getty Images therefore will be able to show that (1) it did not intentionally remove or alter any CMI, (2) distribute any CMI knowing that the CMI had been removed or altered, or (3) do either of these things with knowledge or reasonable grounds to know that it would "induce, enable, facilitate, or conceal an infringement."

### 3.  DMCA Damages

Even if Counterclaim Defendants are found liable for violations of the DMCA, Mr. Morel will be unable to prove that he suffered any damages that are not co-extensive with his damages from direct infringement.  Under settled law, "[a] plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery."  *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir.1997).[2] Moreover, damages under the DMCA are limited to harm that flows from the *violation*, not from any underlying copyright infringement.  *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 11-CV-726, 2012 U.S. Dist. LEXIS 113791, at *16-17 (E.D.N.Y. June 13, 2012).

---

[2]  *See also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 969–70 (2d Cir.1997) (computer software creator was not entitled to additional damages for trade secret misappropriation when district court found that such damages were co-extensive with those awarded for copyright infringement); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2d Cir.1992) (stating that a party "may not obtain a double recovery where the damages for copyright infringement and trade secret misappropriation are co-extensive"); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 250-54 (S.D.N.Y. 2004) (plaintiff could not recover statutory damages for copyright infringement and damages for breach of contract when breach arose out of same conduct as copyright infringement).

Here, Mr. Morel will not be able to prove non-speculative, economic harm attributable to the DMCA violation that is distinct from the harm flowing from copyright infringement.  *See, e.g.*, *Tu v. TAD Sys. Tech. Inc.*, No. 08–CV–3822 (SLT)(RML), 2009 WL 2905780, at *3-5 (E.D.N.Y. Sept. 10, 2009) (refusing to award separate statutory damages under the Lanham Act, Copyright Act, and DMCA based on "the bar to double recovery in the intellectual property context") (citing cases).[3]

In addition, Counterclaim Defendants will prove, both as a matter of law and fact, that Mr. Morel is vastly overstating the number of alleged "violations" of the DMCA.  If entitled to any recovery under the DMCA (which Counterclaim Defendants deny), Mr. Morel is at most entitled to 3 awards, one for each "violation," that is, each course of conduct of removing or distributing CMI.

Finally, any statutory damages award for violation of the DMCA must comport with due process of law under the Fourteenth Amendment to the United States Constitution.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW v. Gore*, 517 U.S. 559 (1996).

## C.    Attorney's Fees

Defendants reserve the right to seek prevailing party attorney's fees and litigation expenses, in an amount to be determined, pursuant to 17 U.S.C. § 505 and 17 U.S.C. 1203(b)(4) and (5) and/or as a consequence of a rejected offer of judgment.

---

[3]    *See also Adobe Sys. Inc. v. Feather*, No. 3:11–cv–1513, 2012 WL 4748861, at *3 n.5 (D. Conn. Sept. 18, 2012) (plaintiff could not recover statutory damages under both Copyright Act and DMCA); *Telebrands Corp. v. HM Import USA Corp.*, No. 09-CV-3492, 2012 WL 3930405, at *6-8 (E.D.N.Y. July 26, 2012) (refusing to award statutory damages under both the Lanham Act and Copyright Act); *Blue Moon Media Group, Inc. v. Field*, No. CV 08–1000, 2011 WL 4056068, at *7 n.2 (E.D.N.Y. Apr. 11, 2011) (refusing to award damages under both Copyright Act and DMCA); *Evony, LLC v. Holland*, No. 2:11–cv–00064, 2011 WL 1230405, at *3-5 (E.D. Pa. March 31, 2011) (refusing to award statutory damages under Lanham Act, Copyright Act, and DMCA); *Microsoft Corp. v. Computer Care Center, Inc.*, No. 06-CV-1429, 2008 WL 4179653, at *8-9 (E.D.N.Y. Sept. 10, 2008) (refusing to award statutory damages under both the Lanham Act and Copyright Act).

### III.    CLAIMS SETTLED OR DISMISSED

The following claims, previously asserted by Plaintiff and

Counterclaim-Defendant AFP, have been resolved or otherwise dismissed by the Court

and therefore need not be tried:

   **A.    Count I:  Declaratory Judgment of Non-Infringement and License, against Mr. Morel**

   **B.    Count II:  Commercial Defamation, against Mr. Morel**

The following counterclaims, previously asserted by Mr. Morel, have been settled

or dismissed by the Court and therefore need not be tried:

   **A.    Fifth Counterclaim: Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)), against CNN, CBS, and ABC**

   **B.    Sixth Counterclaim:  False Or Misleading Representation Of Fact (15 U.S.C. § 1125(a)(1)), against AFP and Getty**

   **C.    Seventh Counterclaim:  False Advertising (15 U.S.C. § 1125(a)(2)), against AFP and Getty**

   **D.    Eighth Counterclaim:  Direct copyright infringement (17 U.S.C. § 101 *et seq.*), against CBS**

   **E.    Ninth Counterclaim:  Direct and Secondary Copyright Infringement (17 U.S.C. § 101 *et seq.*), against ABC**

   **F.    Tenth Counterclaim:  Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*), against CNN.**

   **G.    Eleventh Counterclaim:  Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*), against The Washington Post**

   **H.    Twelfth Counterclaim:  Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(a)), against The Washington Post.**