# Exhibit C

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
AGENCE FRANCE PRESSE,                                         :
                       Plaintiff,                             :
                                                              :
        -v.-                                                  :
                                                              :
DANIEL MOREL,                                                 :
                       Defendant,            10-CV-2730 (AJN) (FM)
                                                              :
        -v.-                                  ECF CASE
                                                              :
GETTY IMAGES, INC., ET AL.,                                   :
                       Counterclaim                           :
                       Defendants                             :
                                                              :
------------------------------------------------------------- X
```

## DANIEL MOREL'S WITNESS LIST

**Live witnesses:**

1.  **Daniel Morel** – Mr. Morel, the Defendant and Counterclaim Plaintiff in this case, is an award-winning professional photojournalist. He was in Port-au-Prince, Haiti on January 12, 2010, when a catastrophic earthquake struck. In addition to any subjects covered in his deposition, Mr. Morel will testify regarding his career as a professional photojournalist; his actions leading up to and on January 12, 2010 and thereafter, including, but not limited to, his uploading of his copyrighted photographs depicting the aftermath of the Haiti earthquake to TwitPic, his ability to communicate via email and telephone, and his communications with others about the photographs he took of the earthquake and its aftermath, including their use and misidentification; the unauthorized use and theft of his photographs; the injuries he suffered as a result of such unauthorized use and theft of his photographs; the continued misidentification of his photographs; the lawsuit brought against him by AFP; and the conduct of the Counterclaim Defendants (the "Defendants") toward him and concerning his work.

2.  **Benjamin Fathers** – Mr. Fathers is AFP's Photo Desk Chief for Europe and Africa, operating out of Paris. In addition to the topics identified by Defendants, Mr. Fathers will be questioned as an adverse witness on any topic for which he has been designated as an AFP corporate representative; any subjects he was questioned about during his deposition; his role at AFP; his actions on January 12, 2010 and in the following months; the circumstances under which he learned of Daniel Morel; and the Photos-At-Issue. Mr. Fathers will also be questioned regarding the captions and credits associated with the Photos-At-Issue; restrictions placed by AFP on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill

notice; the policies, practices, code of ethics and like principles in place at AFP leading up to and during the relevant period; steps he took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the photographs at issue; his knowledge and investigation of Lisandro Suero; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; the actions taken by AFP against claimed or actual infringers of AFP's copyrighted content; and relevant emails and other communications he participated in. Mr. Fathers will also be questioned as to the following: the witness's and AFP's state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by AFP from subscribers and licensees; AFP's cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and AFP toward Mr. Morel.

3. **Chris Eisenberg** – Ms. Eisenberg is the Director of Editorial Content Management for Getty Images. In addition to the topics identified by Defendants, Ms. Eisenberg will be questioned as an adverse witness on all topics for which she has been designated as a Getty Images corporate representative; any subjects she was questioned about during her deposition; her role at Getty Images; and Getty Images' internal databases and customer website. She will also be questioned about her actions on January 12, 2010 and in the following months; the circumstances under which she learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by Getty Images on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at Getty Images leading up to and during the relevant period; steps she took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; her knowledge and investigation of Lisandro Suero; the actions taken by Getty Images against claimed or actual infringers of Getty Images' copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications she participated in. Ms. Eisenberg will also be questioned as to the following: the witness's and Getty Images' state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by Getty Images from subscribers and licensees; Getty Images' cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and Getty Images toward Mr. Morel.

4. **Eva Hambach** – In 2010 and all relevant times thereafter, Ms. Hambach was AFP's Deputy to the Director of Photography for North America and South America. In addition to the topics identified by Defendants, Ms. Hambach will be questioned as an adverse witness on all topics for which she has been designated as an AFP corporate representative; any subjects she was questioned about during her deposition; her role at AFP; and AFP's and Getty Images' internal databases and customer websites. She will also be questioned about her actions on January 12, 2010 and in the following months; the circumstances under which she learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by AFP on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at AFP leading up to and during the relevant period; steps she took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; her knowledge and investigation of Lisandro Suero; the actions taken by AFP against claimed or actual infringers of AFP's copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications she

participated in.  Ms. Hambach will also be questioned as to the following:  the witness's and AFP's state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by AFP from subscribers and licensees; AFP's cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and AFP toward Mr. Morel.  In addition, Ms. Hambach will be asked about AFP's distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by AFP from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and her understanding of industry terminology.

     5.     **Francisco "Pancho" Bernasconi** – Mr. Bernasconi is the Vice President for U.S. News and Sports for Getty Images.  In addition to the topics identified by Defendants, Mr. Bernasconi will be questioned as an adverse witness on all subjects he was questioned about during his deposition; his role at the company; and Getty Images' internal databases and customer website.  He will also be questioned about his actions on January 12, 2010 and in the following months; the circumstances under which he learned of Daniel Morel and the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by Getty Images on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at Getty Images leading up to and during the relevant period; steps he took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; his knowledge and investigation of Lisandro Suero; the actions taken by Getty Images against claimed or actual infringers of Getty Images' copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications he participated in.  Mr. Bernasconi will also be questioned as to the following:  the witness's and Getty Images' state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by Getty Images from subscribers and licensees; Getty Images' cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and AFP toward Mr. Morel.  In addition, Mr. Bernasconi will be asked about Getty Images' distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by Getty Images from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and his understanding of industry terminology.  Finally, Mr. Bernasconi will be asked about Getty Images' involvement in other lawsuits involving copyright and DMCA claims and the lawsuit filed by AFP against Mr. Morel.

     6.     **Gilles Tarot** – Mr. Tarot is AFP's Director of Sales & Marketing for North America.  In addition to the topics identified by Defendants, Mr. Tarot will be questioned as an adverse witness on all topics for which he has been designated as an AFP corporate representative; subjects he was questioned about during his deposition; his role at AFP; and AFP's and Getty Images' internal databases and customer websites.  He will also be questioned about his actions on January 12, 2010 and in the following months; the circumstances under which he learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by AFP on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at AFP leading up to and during the relevant period; steps he took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-at-Issue; his knowledge and investigation of Lisandro Suero; the actions taken by AFP against claimed or actual infringers of AFP's copyrighted content; the contractual relationships between

AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications he participated in.  Mr. Tarot will also be questioned as to the following:  the witness's and AFP's state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by AFP from subscribers and licensees; AFP's cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and AFP toward Mr. Morel.  In addition, Mr. Tarot will be asked about AFP's distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by AFP from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and his understanding of industry terminology.

7. **Andreas Gebhard** – Mr. Gebhard is the Editorial Distribution Director for Getty Images.  In addition to the topics identified by Defendants, Mr. Gebhard will be questioned as an adverse witness on his role at the company and on Getty Images' internal databases and customer website.  He will also be questioned about his actions on January 12, 2010 and in the following months; the circumstances under which he learned of Daniel Morel and the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by Getty Images on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at Getty Images leading up to and during the relevant period; steps he took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; his knowledge and investigation of Lisandro Suero; the actions taken by Getty Images against claimed or actual infringers of Getty Images' copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications he participated in.  Mr. Gebhard will also be questioned as to the following:  the witness's and Getty Images' state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by Getty Images from subscribers and licensees; Getty Images' cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and Getty Images toward Mr. Morel.   In addition, Mr. Gebhard will be asked about Getty Images' distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by Getty Images from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and his understanding of industry terminology.  Finally, Mr. Gebhard will be asked about Getty Images' involvement in other lawsuits involving copyright and DMCA claims and the lawsuit filed by AFP against Mr. Morel.

8. **Heather Cameron** – Ms. Cameron is a Senior Paralegal in the Legal Department of Getty Images.  In addition to the topics identified by Defendants, Ms. Cameron will be questioned as an adverse witness on any subjects she was questioned about during her deposition; her role at Getty Images; and Getty Images' internal databases and customer website.  She will also be questioned about her actions on January 12, 2010 and in the following months; the circumstances under which she learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by Getty Images on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at Getty Images leading up to and during the relevant period; steps she took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; her knowledge and investigation of Lisandro Suero; the actions taken by Getty Images against claimed or actual infringers of Getty Images' copyrighted content; the contractual relationships between AFP, Getty Images, and their

subscribers and licensees; and relevant emails and other communications she participated in. Finally, Ms. Cameron will be asked about Getty Images' involvement in other lawsuits involving copyright and DMCA claims and the lawsuit filed by AFP against Mr. Morel.

9. **Katherine Calhoun** – Ms. Calhoun is the Senior Sales Director, North American Media, for Getty Images. In addition to the topics identified by Defendants, Ms. Calhoun will be questioned as an adverse witness on all topics for which she has been designated as a Getty Images corporate representative; any subjects she was questioned about during her deposition; her role at Getty Images; and Getty Images' internal databases and customer website. She will also be questioned about her actions on January 12, 2010 and in the following months; the circumstances under which she learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by Getty Images on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at Getty Images leading up to and during the relevant period; steps she took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; her knowledge and investigation of Lisandro Suero; the actions taken by Getty Images against claimed or actual infringers of Getty Images' copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications she participated in. Ms. Calhoun will also be questioned as to the following: the witness's and Getty Images' state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by Getty Images from subscribers and licensees; Getty Images' cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and Getty Images toward Mr. Morel. In addition, Ms. Calhoun will be asked about Getty Images' distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by Getty Images from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and her understanding of industry terminology. Finally, Ms. Calhoun will be asked about Getty Images' involvement in other lawsuits involving copyright and DMCA claims and the lawsuit filed by AFP against Mr. Morel.

10. **Vincent Amalvy** – On January 12, 2010 and all relevant times thereafter, Mr. Amalvy was AFP's Director of Photography for North and South America. In addition to the topics identified by Defendants, Mr. Amalvy will be questioned as an adverse witness on all topics for which he has been designated as an AFP corporate representative; any subjects he was questioned about during his deposition; his role at AFP; and AFP's and Getty Images' internal databases and customer websites. He will also be questioned about his actions on January 12, 2010 and in the following months; the circumstances under which he learned of Daniel Morel; the Photos-At-Issue; the captions and credits associated with the Photos-At-Issue; restrictions placed by AFP on the Photos-At-Issue; AFP's caption correction and credit change; AFP's kill notice; the policies, practices, code of ethics and like principles in place at AFP leading up to and during the relevant period; steps he took or directed others to take in addressing AFP's and Getty Images' copyright infringement of the Photos-At-Issue; his knowledge and investigation of Lisandro Suero; the actions taken by AFP against claimed or actual infringers of AFP's copyrighted content; the contractual relationships between AFP, Getty Images, and their subscribers and licensees; and relevant emails and other communications he participated in. Mr. Amalvy will also be questioned as to the following: the witness's and AFP's state of mind in their dealings with Mr. Morel; the expenses saved, and profits earned, by AFP from subscribers

and licensees; AFP's cooperation in providing evidence concerning the value of the infringing material; and the conduct and attitude of the witness and AFP toward Mr. Morel. In addition, Mr. Amalvy will be asked about AFP's distribution, licensing, sales, and customer downloads of Mr. Morel's photographs; revenue earned by AFP from the distribution, licensing, sales, and downloads of Mr. Morel's photographs; and his understanding of industry terminology.

       11.    **Phyllis Galembo** – Ms. Galembo served as an assistant to counsel in connection with this matter. She will be asked to testify solely about her personal observations of online activity during and in the aftermath of the Haiti Earthquake and to authenticate certain screenshots that she took showing the Photos-At-Issue displayed on various websites in the weeks and months after the Haiti earthquake.

       12.    **Barbara Hoffman** – Ms. Hoffman served as co-counsel for Mr. Morel in this matter until February 15, 2013. Ms. Hoffman will be questioned about her communications with the Defendants and their agents and other copyright infringers.[1]

**By deposition:**

       1.    **Anna Orye** – In 2010 and all relevant times thereafter, Ms. Orye was Deputy Editor at AFP. Ms. Orye's deposition testimony will be introduced at trial.

       2.    **Jeremy Kessel** – Mr. Kessel is the head of legal policy at Twitter. Mr. Kessel's deposition testimony will be introduced at trial.

       3.    **Noah Winecoff** – Mr. Winecoff is the Founder and CEO of TwitPic. Mr. Winecoff's deposition testimony will be introduced at trial.

---

[1] Counterclaim Defendants object to the inclusion of Ms. Hoffman for the reasons set forth in their motion in limine (Dkt. 240, 245).