# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

                                          :

AGENCE FRANCE PRESSE,

                        Plaintiff,             :

                        -v.-                   :

                                            10-CV-2730 (AJN) (FM)

DANIEL MOREL,                         :

                      Defendant,          ECF CASE

                                            :

                        -v.-                   :

GETTY IMAGES, INC., ET AL.,

                              Counterclaim      :
                              Defendants

                                            :

----------------------------------------------------------- X

## JOINT AND COMPETING REQUESTS TO CHARGE

In compliance with the Court's Standing Rule 5.B.iii and pursuant to Rule 51 of the

Federal Rules of Civil Procedure, the Parties hereby jointly submit on stipulation the following

proposed substantive charges and instructions to be given to the jury during the trial of this

action.

## TABLE OF CONTENTS

Joint Instruction No. 1................................................................................................................1
Joint Instruction No. 2................................................................................................................2
Joint Instruction No. 3................................................................................................................3
Morel Proposed Instruction No. 4..............................................................................................4
AFP/Getty Images Proposed Instruction No. 4..........................................................................6
Joint Instruction No. 5................................................................................................................8
Joint Instruction No. 6................................................................................................................9
Joint Instruction No. 7..............................................................................................................10
Joint Instruction No. 8..............................................................................................................11
Joint Instruction No. 9..............................................................................................................12
Joint Instruction No. 10............................................................................................................13
Joint Instruction No. 11............................................................................................................14
Joint Instruction No. 12............................................................................................................16
Morel Proposed Instruction No. 13..........................................................................................17
Morel Proposed Instruction No. 14..........................................................................................18
AFP/Getty Images Proposed Instruction No. 14......................................................................19
Morel Proposed Instruction No. 15..........................................................................................20
Joint Instruction No. 16............................................................................................................21
Joint Instruction No. 17............................................................................................................22
Morel Proposed Instruction No. 18..........................................................................................23
AFP/Getty Images Proposed Instruction No. 18......................................................................24
Morel Proposed Instruction No. 19..........................................................................................25
AFP/Getty Images Proposed Instruction No. 19......................................................................26
Morel Proposed Instruction No. 20..........................................................................................27
AFP/Getty Images Proposed Instruction No. 20......................................................................29
Morel Proposed Instruction No. 21..........................................................................................31
AFP/Getty Images Proposed Instruction No. 22......................................................................35
Morel Proposed Instruction No. 23..........................................................................................36
AFP/Getty Images Proposed Instruction No. 23A....................................................................38
Morel Proposed Instruction No. 24A........................................................................................42
Morel Proposed Instruction No. 24B........................................................................................45
Morel Proposed Instruction No. 24C........................................................................................47
AFP/Getty Images Proposed Instruction No. 24A....................................................................48
AFP/Getty Images Proposed Instruction No. 24B....................................................................50
AFP/Getty Images Proposed Instruction No. 24C....................................................................53
Joint Instruction No. 25............................................................................................................55
Morel Proposed Instruction No. 26..........................................................................................56
AFP/Getty Images Proposed Instruction No. 26......................................................................57
Morel Proposed Instruction No. 27..........................................................................................59
AFP/Getty Images Proposed Instruction No. 27......................................................................60
Joint Instruction No. 28............................................................................................................62
Morel Proposed Instruction No. 29..........................................................................................63

AFP/Getty Images Proposed Instruction No. 29........................................................................64
Morel Proposed Instruction No. 30.........................................................................................65
AFP/Getty Images Proposed Instruction No. 30........................................................................66
Morel Proposed Instruction No. 31.........................................................................................68
AFP/Getty Images Proposed Instruction No. 31........................................................................70
AFP/Getty Images Proposed Instruction No. 32........................................................................72
Joint Instruction No. 33........................................................................................................73
Joint Instruction No. 34........................................................................................................74
Joint Instruction No. 35........................................................................................................75
Joint Instruction No. 36........................................................................................................76

**Joint Instruction No. 1**

**Duties of Jurors/Role of Judge and Jury**

Members of the jury, now that you have heard the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies in this case.

It is your duty as jurors to follow the law as I will state it. You must apply the law to the facts as you find them from all the evidence in the case. Do not single out one instruction alone as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law, whether you agree with the law or not.

Nothing I say in these instructions indicates that I have any opinion about the facts of the case, what that opinion is, or what verdict you should reach – those matters are entirely up to you.

You must perform your duties as jurors without bias or prejudice to any party. Your decision should not be influenced by personal likes or dislikes, opinions, prejudice, or sympathy. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 103:01 (6th ed. 2011).

**Joint Instruction No. 2**

**Official Translation**

The French and Spanish languages have been used during this trial.  If an interpreter or translator has been used, you must consider only that evidence provided through the official court interpreter or translator.  Although some of you may know French or Spanish, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English interpretation or translation.  You must ignore any different meaning of the non-English words.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 103:35 (6th ed. 2011).

**Joint Instruction No. 3**

**Evidence in the Case**

In these instructions you will be told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.

Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who called them; all exhibits received into evidence, regardless of which party produced them; and all facts which may have been admitted or to which all the lawyers have stipulated.  A fact is stipulated when the attorneys for all parties agree to the existence of that fact, and you must accept such stipulated facts as proved.

Objections, questions, and other statements by the lawyers are not evidence. You should not allow such statements to influence you in your weighing of the evidence.  Nor are the attorneys' arguments evidence; they are only intended to help you interpret the evidence.

The Court may take judicial notice of some facts or events, and when it has done so, you must accept the Court's declaration as evidence.  You must regard all facts and events that have been judicially noticed as proved.

Finally, any evidence to which I have sustained an objection and evidence that I have ordered stricken must be disregarded.  Any evidence to which I have sustained an objection but permitted you to consider for a limited purpose must only be considered for that purpose.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 103:30 (6th ed. 2011).

**Morel Proposed Instruction No. 4**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 4. AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 4, set forth below.*

**Burden of Proof**

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is called the "burden of proof."

To prove by a "preponderance of the evidence" means to prove that something is more likely true than not true. This standard does not require proof to an absolute certainty.

You should consider each claim and each defense asserted in this case separately. However, in deciding whether any fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence, including the testimony of all relevant witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits.

If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence, you should find against the party making that claim or defense. However, a party is not required to prove an issue by more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact that the party must prove is more likely true than not, that fact will have been proved by a preponderance of the evidence. But, if after consideration, you find the evidence of both parties

4

to be in balance or equally probable, then the party with the burden of proof has failed to carry its burden and you must find for the other party.

Source:  *See* 4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 73-2 (2013);  Eleventh Circuit Pattern Jury Instructions (Civil Cases) Instruction No. 6.2 (2005).

**AFP/Getty Images Proposed Instruction No. 4**

*Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 4.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 4, set forth above.*

**Burden of Proof**

In this case, Mr. Morel is asserting claims and has the responsibility to prove every essential part of the claims by a "preponderance of the evidence."  This is called the "burden of proof."

To prove by a "preponderance of the evidence" means to prove that something is more likely true than not true.  You should consider each claim asserted in this case separately.  However, in deciding whether any fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence, including the testimony of all relevant witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.  You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits.

If Mr. Morel's proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against him on that claim.  However, Mr. Morel is not required to prove an issue by more than a preponderance.  As long as you find that the balance tips, however slightly, in favor of Mr. Morel, so that the fact he must prove is more likely true than not, that fact will have been proved by a preponderance of the evidence.  But, if after consideration, you find the evidence of both parties to be in balance or equally probable, then Mr. Morel has failed to carry his burden and you must find for the Defendants.

<u>Source</u>:  *See* 4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 73-2

(2013);  Eleventh Circuit Pattern Jury Instructions (Civil Cases) Instruction No. 6.2 (2005).

**Joint Instruction No. 5**

**Conduct of Counsel**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the Court to make rulings of law or hold conferences in the robing room or at the side bar, out of the hearing of the jury.  All those questions of law must be decided by me.

You should not show any prejudice against any attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all the witnesses and the weight and effect of all of the evidence.

Source: *See* 4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 71-6 (2013).

**Joint Instruction No. 6**

**Direct and Circumstantial Evidence**

The evidence may be direct or circumstantial.

"Direct evidence" is a document or testimony of a person who claims to have actual knowledge of a fact, such as testimony about what he or she said, did, saw, or heard.

"Circumstantial evidence" is proof of a chain of facts or circumstances that point to the existence or nonexistence of another fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence. You are required to find facts in accordance with the weight of all the evidence in the case, both direct and circumstantial.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:05 (6th ed. 2011).

**Joint Instruction No. 7**

**Drawing Inferences from the Evidence**

You are to consider only the evidence in the case.  However, in considering the evidence, you are not limited to just the testimony of the witnesses and exhibits provided by the parties. You may draw reasonable inferences from the facts if you feel such inferences are justified in light of common experience.

"Inferences" are deductions or conclusions which reason and common sense lead you to make based on the facts that you find are established by the testimony and evidence in the case. Inferences are not suspicions or guesses.  There are times when different inferences may be drawn from the facts.  One party may ask you to draw one set of inferences, while another party may ask you to draw another set of inferences.  It is up to you, and you alone, to decide what inferences you will draw.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:20 (6th ed. 2011); 4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 75-1 (2013).

**Joint Instruction No. 8**

**Deposition Testimony**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath, by audio recording or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, as much as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 105:02 (6th ed. 2011).

**Joint Instruction No. 9**

**Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education or experience has become an expert in some art, science, profession, or calling.  In this case, you heard from Patricia Aufderheide as an expert witness.

Expert witnesses state their opinions as to matters in which they profess to be an expert, and may also state their reasons for their opinions.  You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:40 (6th ed. 2011).

**Joint Instruction No. 10**

**Charts and Summaries**

Various charts and summaries have been shown to you throughout the course of the trial. Certain charts and summaries have been shown to you simply to help explain facts disclosed by documents and records in evidence in the case.  These charts and summaries are not themselves evidence or proof of any facts, but rather were used only as a matter of convenience.  If these charts and summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

Certain charts and summaries, however, constitute evidence that you should consider when finding facts in accordance with the weight of all the evidence in the case.  These charts and summaries have been marked as exhibits and entered into evidence.


Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:50 (6th ed. 2011).

**Joint Instruction No. 11**

**Credibility of Witnesses**

You are the sole judges of the credibility of witnesses and the weight given to their testimony.  Carefully scrutinize all of a witness' testimony.  You may be guided by the conduct of the witness, the circumstances of the testimony, by the manner in which he or she testifies, by the character of the testimony given, or by the evidence supporting or contrary to the testimony given.  You may consider each witness' intelligence, motive, state of mind, demeanor, the witness' ability to observe the matters about which he or she testified, the witness' relationship with any party in this case, the way in which the witness may be affected by the verdict, and the extent to which other evidence supports or contradicts the witness' testimony.  You may not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not result in you discrediting such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy  results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness the weight that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

14

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 103:01 (6th ed. 2011); Ninth Circuit Manual Of Model Civil Jury Instructions, Instruction No. 1.17 (2007) (interpreter); 28 U.S.C. § 1827 (interpreter).

**Joint Instruction No. 12**

**Impeachment – Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached and thus discredited, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

If a witness is shown to have knowingly testified falsely about any matter, you have the right to distrust that witness's other testimony.  You may reject all the testimony of that witness or give it such credibility or weight, if any, as you think it deserves.

An act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.


Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 105:04 (6th ed. 2011).

**Morel Proposed Instruction No. 13**

AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 13 as a standard tort instruction that does not fit the facts or law of this case and mischaracterizes the appropriate standard by which the jury must evaluate whether copyright infringement was willful.  5-14 Nimmer & Nimmer, Nimmer on Copyright § 14,04[B][3][a]; see also AFP/Getty Images Proposed Instructions Nos. 24B and 24C.  It is also inconsistent with the standards for contributory infringement (AFP/Getty Images Instructions No. 20) and for violation of the DMCA (AFP/Getty Images Proposed Instructions Nos. 26 and 27).  AFP and Getty Images respectfully request that it be deleted in its entirety.

**Notice or Knowledge - Duty of Inquiry**

If it appears from the evidence that a person had information that would lead a reasonably prudent person to make an inquiry through which he or she would learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if he or she had made such inquiry and had actually learned the facts.  The law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect him or her to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence.  If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:24 (6th ed. 2011).

17

**Morel Proposed Instruction No. 14**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 14.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 14, set forth below.*

**Failure to Call Available Witnesses**

If a party fails to call a person as a witness who has knowledge about the facts in issue, is reasonably available to the party, and who is not equally available to the other party, you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:25 (6th ed. 2011).

**AFP/Getty Images Proposed Instruction No. 14**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 14.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 14, set forth above.*

**All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as a witness all persons who may have been involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.  You should draw no conclusions based the absence of a witness or document unless I instruct otherwise.

Source:  *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions §105.11 (6th ed. 2011); *Mali v. Federal Insurance Co.,* 720 F.3d 387, 392 (2d Cir. 2013); *Residential Funding Corp. v. De George Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *United States v. Corcoran*, 855 F. Supp. 1359, 1375 (E.D.N.Y. 1994); *United States v. D'Angiolillo*, 340 F.2d 453, 457 n. 5 (2d Cir.), *cert. denied*, 380 U.S. 955 (1965); *Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

**Morel Proposed Instruction No. 15**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 15.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 14, set forth above.*

**Failure to Produce Available Evidence**

If a party fails to produce evidence under that party's control, reasonably available to that party, and not reasonably available to the adverse party, you may infer that the evidence is unfavorable to the party who could have produced it and did not.

<u>Source</u>: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 104:26 (6th ed. 2011).

**Joint Instruction No. 16**

**Failure to Testify**

If you find that a witness had knowledge of important facts which he failed to provide in response to questions asked during his testimony, you may infer that the withheld information is unfavorable to the party who called the witness who could have testified to it and did not.

Source: 4 Sand, Siffert, *et al*, Modern Federal Jury Instructions (Civil), Instruction 75-6 (2013).

**Joint Instruction No. 17**

**Certain Matters Already Decided**

The Court has already decided certain matters in the case.  I will tell you what factual

findings I have already made and you must take them as proven facts in your deliberations.

**Morel Proposed Instruction No. 18**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 18. AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 18, set forth below.*

**Direct Copyright Infringement**

Daniel Morel owns the copyright in the eight photographs he took in the aftermath of the 2010 Haiti Earthquake. A copyright grants the owner exclusive rights to do any of the following: reproduce, distribute, perform, or display the copyrighted work. Because these rights are exclusive to the owner, if someone else takes one of these actions, they are said to have "infringed" the copyright.

I have already decided that AFP and Getty each directly infringed eight of Mr. Morel's photographs. Thus, I have already determined that AFP and Getty must compensate Mr. Morel for their direct infringement. You must determine the amount of damages that is just for Defendants to pay, as I will explain in later instructions.

Source: Order on Summary Judgment, pages 14, 25.

**AFP/Getty Images Proposed Instruction No. 18**

*Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 18.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 18, set forth above.*

**Direct Copyright Infringement**

Daniel Morel owns the copyright in the eight photographs he took in the aftermath of the 2010 Haiti Earthquake.  A copyright grants the owner exclusive rights to do any of the following:  reproduce, distribute, perform, or display the copyrighted work.  Because these rights are exclusive to the owner, if someone else takes one of these actions without consent, they are said to have "infringed" the copyright.

AFP and Getty Images infringed Mr. Morel's copyright in eight photographs.  Thus, you must determine what amount of damages is just for Defendants to pay for copyright infringement, as I will explain in later instructions.

Source: Order on Summary Judgment, pages 4, 12, 14, 24-25.

24

**Morel Proposed Instruction No. 19**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 19.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 19, set forth below.*

**Joint and Several Liability**

If two or more persons or entities unite in causing an injury, then all of those persons and entities are liable for the acts of each of them.  This is called "joint and several" liability.  The law does not require the injured person to prove how much of the injury was done by each particular person or entity found liable.

I have already decided that AFP and Getty Images are jointly and severally liable to Mr. Morel for their infringement of his photographs.  Thus, you will make one award of damages per work infringed to Mr. Morel that will apply to AFP and Getty Images, together.

My decision that AFP and Getty Images are liable to Mr. Morel pertains only to copyright infringement.  Liability as to Mr. Morel's Digital Millennium Copyright Act ("DMCA") claims has not yet been established and as such, it should have no effect on your assessment of Mr. Morel's claims related to the DMCA, which I will explain further in a separate instruction.

Source: Order on Summary Judgment, pages 24-25; Order on Motion for Reconsideration, pages 12-15; 4 Sand, Siffert, *et al*, Modern Federal Jury Instructions (Civil), Instruction 75-2 (2013).

25

**AFP/Getty Images Proposed Instruction No. 19**

*Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 19.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 19, set forth above.*

**Joint and Several Liability**

If two or more persons or entities unite in causing an injury, then all of those persons and entities are liable for the acts of each of them.  This is called "joint and several" liability.  The law does not require the injured person to prove how much of the injury was done by each particular person or entity found liable.

AFP and Getty Images are jointly and severally liable to Mr. Morel for their infringement of his photographs.  Thus, you will make a single award of damages to Mr. Morel for copyright infringement that will apply to AFP and Getty Images, together.

My instruction that AFP and Getty Images are liable to Mr. Morel pertains only to copyright infringement.  Liability as to Mr. Morel's Digital Millennium Copyright Act ("DMCA") claims has not been established and as such, it should have no effect on your assessment of Mr. Morel's claims related to the DMCA, which I will explain further in a separate instruction.

Source: Order on Summary Judgment, pages 24-25; Order on Motion for Reconsideration, pages 12-15; 4 Sand, Siffert, *et al*, Modern Federal Jury Instructions (Civil), Instruction 75-2 (2013).

**Morel Proposed Instruction No. 20**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 20.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 20, set forth below.*

**Contributory Copyright Infringement**

Mr. Morel has asserted that AFP and Getty Images have engaged in contributory infringement of his copyright. Contributory infringement is a distinct claim from direct infringement. A person or entity is liable for contributory copyright infringement if he or she knows or should have known of the infringing activity of another and induces, causes, or materially contributes to the activity.

Although I have already decided that Defendants directly infringed Mr. Morel's photographs, I have not made the same finding with respect to contributory copyright infringement.  Mr. Morel has the burden to prove this claim by a preponderance of the evidence, meaning that you must be persuaded that it is more probably true than not true that AFP and Getty Images engaged in contributory infringement.

To prove contributory infringement against AFP, Mr. Morel must prove the following three elements:

(1)     Another person or entity—in this case, either its customers, Getty Images, or Getty Images' customers—directly infringed Mr. Morel's copyright;

(2)     AFP knew or should have known of the infringing activities of its customers, Getty Images, and/or Getty Images' customers; and

(3)     AFP induced, caused, encouraged, assisted, or materially contributed to the infringing activities undertaken by its customers, Getty Images, and/or Getty Images' customers.

To prove contributory infringement against Getty Images, Mr. Morel must prove the following three elements:

27

(1)     Another person or entity—in this case, its customers—directly infringed Mr. Morel's copyright;

(2)     Getty Images knew or should have known of the infringing activities of its customers; and

(3)     Getty Images induced, caused, encouraged, assisted, or materially contributed to the infringing activities undertaken by its customers.

Source:  *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions §160.29 (5th ed. 2000);  4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instructions 86B-10 and 86B-16 (2013); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation §1.5.12 (2008); Order on Summary Judgment, page 39.

**AFP/Getty Images Proposed Instruction No. 20**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 20. Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 20, set forth above.*

## Contributory Copyright Infringement[1]

Mr. Morel has asserted that AFP and Getty Images have engaged in contributory infringement of his copyright. Contributory infringement is a distinct claim from direct infringement. A person or entity is liable for contributory copyright infringement if he or she knows or should have known of the infringing activity of another and induces, causes, or materially contributes to the activity.

Although Defendants directly infringed Mr. Morel's photographs, you must decide whether they are also contributory infringers. Mr. Morel has the burden to prove this claim by a preponderance of the evidence, meaning that you must be persuaded that it is more probably true than not true that AFP and Getty Images engaged in contributory infringement.

To prove contributory infringement against AFP, Mr. Morel must prove each of the following three elements by a preponderance of the evidence with respect to each photograph that he alleged was infringed:

1. Another person or entity—in this case, either AFP's customers, Getty Images, or Getty Images' customers—directly infringed Mr. Morel's copyright;

2. AFP knew or had reason to know of the infringing activities of its customers, Getty Images, and/or Getty Images' customers at the time it initially distributed Mr. Morel's photographs; and

3. By distributing Mr. Morel's photographs, AFP induced, caused, encouraged, assisted, or materially contributed to the infringing activities undertaken by its customers, Getty Images, and/or Getty Images' customers.

---

[1] This instruction is offered only in the event that the Court denies Defendants' motion *in limine* to exclude evidence regarding third-party usage of the photos and for judgment on contributory and vicarious infringement.

29

To prove contributory infringement against Getty Images, Mr. Morel must prove the following three elements by a preponderance of the evidence with respect to each photograph that he alleged was infringed:

1.    Another person or entity—in this case, Getty Images' customers—directly infringed Mr. Morel's copyright;

2.    Getty Images knew or had reason to know of the infringing activities of its customers at the time it initially distributed Mr. Morel's photographs; and

3.    By distributing Mr. Morel's photographs, Getty Images induced, caused, encouraged, assisted, or materially contributed to the infringing activities undertaken by its customers.

Source:  *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions §160.29 (5th ed. 2000);  4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instructions 86B-10 and 86B-16 (2013); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation §1.5.12 (2008); Order on Summary Judgment, page 39.

**Morel Proposed Instruction No. 21**

> *AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 21.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 21, set forth below.*

**Vicarious Copyright Infringement**

Mr. Morel has asserted that Getty Images vicariously infringed his copyright.

Vicarious infringement is a distinct claim from direct infringement and contributory infringement.  Although I previously decided that Defendants directly infringed Mr. Morel's photographs, I have not made the same finding with respect to vicarious copyright infringement.

To prove vicarious infringement, Mr. Morel must prove the following three elements by a preponderance of the evidence:

> 1. Another person or entity – in this case, Getty Images' customers, AFP, or AFP's customers – directly infringed Mr. Morel's copyright;
>
> 2. Getty Images profited from or had a financial interest in the infringing activity; and
>
> 3. Getty Images had the right and ability to supervise or control the infringing activity.

Mr. Morel is only required to prove these three elements.  Mr. Morel need not prove that Getty Images or its employees knew of the infringement.

Source: 4 Sand, Shiffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 86B-15 (2013);  ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.5.13 (2008).

**AFP/Getty Images Proposed Instruction No. 21**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 21.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 21, set forth above.*

**Vicarious Copyright Infringement[2]**

Mr. Morel has asserted that only Getty Images vicariously infringed his copyright. Vicarious infringement is a distinct claim from direct infringement and contributory infringement.

To prove vicarious infringement, Mr. Morel must prove the following three elements by a preponderance of the evidence with respect to each photograph that he alleged was infringed:

1.   Another person or entity – in this case, Getty Images' customers, – directly infringed Mr. Morel's copyright;

2.   Getty Images profited from the infringing activity; and

3.   Getty Images had the right and ability to supervise or control the infringing activity and failed to exercise that right and ability.

The "right and ability to supervise or control the infringing activity" means both the legal right to stop or limit the infringement and the practical ability to do so.

Source:  4 Sand, Shiffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 86B-15 (2013);  ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.5.13 (2008); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005); *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 434-435 (S.D.N.Y. 2011); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004);

---

[2]   This instruction is offered only in the event that the Court denies Defendants' motion *in limine* to exclude evidence regarding third-party usage of the photos and for judgment on contributory and vicarious infringement.

*BlankProds, Inc. v. Warner/Chappel Music, Inc.*, 11 Civ. 7927, 2013 U.S. Dist. LEXIS 1202, at

*10 (S.D.N.Y. Jan. 3, 2013); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir.

Cal. 2007); *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 473 (S.D.N.Y. 2002);

*Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1109 (S.D.N.Y. 1994).

**Morel Proposed Instruction No. 22**

> *AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 22.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 22, set forth below.*

**Copyright Infringement Damages**

For copyright infringement, Mr. Morel is entitled to elect either:

    (1)    Actual damages, plus any of the Defendants' profits attributable to the infringement; or

    (2)    Statutory damages.

I will now describe to you both categories of damages.

Source: 17 U.S.C. § 504; ABA Litigation Section, Model Jury Instructions: Copyright,

Trademark, and Trade Dress Litigation § 1.7.1 (2008).

**AFP/Getty Images Proposed Instruction No. 22**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 22.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 22, set forth above.*

**Copyright Infringement Damages**

For any and all of Defendants' direct[, contributory and/or vicarious[3]] copyright

infringement of each photograph, Mr. Morel is entitled to elect either:

1.      [Actual damages and] Defendants' profits attributable to the infringement of
that photograph [which you have not already counted as actual damages[4]]; or

2.      Statutory damages.

I will now describe to you both categories of damages.

Source:  17 U.S.C. § 504; ABA Litigation Section, Model Jury Instructions: Copyright,

Trademark, and Trade Dress Litigation § 1.7.1 (2008).Actual Damages and Profits

---

[3]      The first bracketed portion of the instruction is offered only in the event that the Court denies Defendants' motion *in limine* to exclude evidence regarding third-party usage of the photos and for judgment on contributory and vicarious infringement.

[4]      The second and third bracketed portions of the instruction are offered in the event the Court denies Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

35

**Morel Proposed Instruction No. 23**

> *AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 23. AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 23, set forth below.*

**Actual Damages**

Mr. Morel may elect to recover actual damages. "Actual damages" means the amount of money adequate to compensate Mr. Morel for his losses due to Defendants' infringement. Actual damages include any profits Mr. Morel may have earned from Defendants and from third-parties, if not for the infringement. This includes, but is not limited to, monies Mr. Morel may have earned from sales of his photographs and licensing fees that Defendants and third parties would have or should have paid for their use of Mr. Morel's photographs.

You should broadly construe actual damages to favor Mr. Morel, as the victim of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

In addition, Mr. Morel is also entitled to Defendants' profits attributable to the infringement. Profits are awarded to prevent Defendants from unfairly benefitting from their wrongful acts. If you account for Defendants' profits in Mr. Morel's award of actual damages, to avoid a double recovery, you should not make a separate award of Defendants' profits.

In establishing the amount of Defendants' profits attributable to the infringements, Mr. Morel is only required to present proof of Defendants' gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once this is established, the burden of proof shifts to Defendants to reduce this amount.

Defendants must then prove, by a preponderance of the evidence, the amount of deductible expenses and other elements of profit attributable to facts other than the infringement.

Source: 17 U.S.C. § 504(b); 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 160.90 (5th ed. 2000); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation §§ 1.7.2, 1.7.3 (2008);  *Hamil Am. Inc v. GFI*, 193 F.3d 92 (2d Cir. 1999).

**AFP/Getty Images Proposed Instruction No. 23A**

*Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 23A.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 23, set forth above.*

**Actual Damages and Profits (Copyright Infringement)[5]**

Mr. Morel may elect to recover actual damages suffered by him as a result of the infringement and Defendants' profits attributable to the infringement.  "Actual damages" means the amount of money adequate to compensate Mr. Morel for his losses due to the infringement, such as lost sales or royalties, or other profits Mr. Morel would have earned but for the infringement.

I have already decided that Mr. Morel has not proven that he suffered any actual damages as a result of the infringement, so you may not award him actual damages for copyright infringement.

In establishing the amount of Defendants' profits attributable to the infringements, Mr. Morel is required to present proof of Defendants' gross revenues that are attributable to the specific infringements at issue.  Once this is established, the burden of proof shifts to Defendants to prove the amount of deductible expenses and the elements of profit attributable to factors other than the copyrighted work.  Mr. Morel is not entitled to all of Defendants' profits, but only to the part of Defendants' profits attributable to the infringement.  Defendants are not jointly and severally liable for their infringing profits (unlike actual or statutory damages); each is individually liable for its own infringing profits.

---

[5]    This instruction is offered in the event the Court grants Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

<u>Source</u>:  17 U.S.C. § 504(b); 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 160.90 (5th ed. 2000); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation §§ 1.7.2, 1.7.3 (2008);  Seventh Circuit Civil Jury Instructions § 12.8.3 (2009); *Hamil Am. Inc. v. GFI*, 193 F.3d 92 (2d Cir. 1999); *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467 (2d Cir. 1985); *MCA v. Wilson*, 677 F.2d 180 (2d Cir. 1981).

**AFP/Getty Images Proposed Instruction No. 23B**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 23B.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 23, set forth above.*

### Actual Damages and Profits (Copyright Infringement)[6]

Mr. Morel may elect to recover actual damages suffered by him as a result of the infringement.  "Actual damages" means the amount of money adequate to compensate Mr. Morel for his losses due to the infringement, such as lost sales or royalties, or other profits Mr. Morel would have earned but for the infringement.  This includes monies Mr. Morel proves he would have earned from sales of his photographs and licensing fees that Defendants and third parties would have paid for their use of Mr. Morel's photographs, but did not pay him because of the infringement.

In addition, if Mr. Morel elects to recover actual damages, he is also entitled to Defendants' profits attributable to the infringement.  You may not however include in an award of profits, any amount that you already included in calculating his actual damages.

In establishing the amount of Defendants' profits attributable to the infringements, Mr. Morel is required to present proof of Defendants' gross revenues that are attributable to the specific infringements at issue.  Once this is established, the burden of proof shifts to Defendants to prove the amount of deductible expenses and the elements of profit attributable to factors other than the copyrighted work.  Mr. Morel is not entitled to all of Defendants' profits, but only to the part of Defendants' profits attributable to the infringement.  Defendants are not jointly and severally liable for their infringing profits (unlike actual or statutory damages); each is individually liable for its own infringing profits.

---

[6]     This instruction is offered only in the event the Court denies Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

Source:  17 U.S.C. § 504(b); 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 160.90 (5th ed. 2000); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation §§ 1.7.2, 1.7.3 (2008);  Seventh Circuit Civil Jury Instructions § 12.8.3 (2009); *Hamil Am. Inc. v. GFI*, 193 F.3d 92 (2d Cir. 1999); *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467 (2d Cir. 1985); *MCA v. Wilson*, 677 F.2d 180 (2d Cir. 1981).

**Morel Proposed Instruction No. 24A**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction Nos. 24A, 24B, and 24C. AFP and Getty Images respectfully request that they be replaced with AFP/Getty Images Proposed Instruction Nos. 24A, 24B, and 24C, set forth below.*

**Statutory Damages Generally**

Instead of actual damages, Mr. Morel may elect to recover statutory damages.  Mr. Morel is permitted to make this choice at any time during this case, including after you have rendered a verdict.  As a result, you must decide both the actual damages and profits, as well as the statutory damages, that Mr. Morel is entitled to.

Within certain limits that I will describe below, the statute gives you broad discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented.  In deciding what amount is just, you should take into consideration the purposes and factors that I will describe to you.

The general purposes of statutory damages include the following:

1. Relieving Mr. Morel of the difficult burden of proving his actual damages and the infringers' profits;

2. Providing adequate compensation to Mr. Morel;

3. Disgorging any benefits that AFP and Getty Images received from the infringement;

4. Deterring AFP, Getty Images, and others similarly situated from future infringement; and

5. Where appropriate, punishing AFP and/or Getty Images.

Mr. Morel may recover statutory damages without proving his actual damages, Defendants' profits, or other direct economic effects of the infringement.

42

You must make one award of statutory damages per "work" infringed.  This is true no matter how many copies were made or how many Defendants jointly participated in infringing the work.

In this case, you should consider each of Mr. Morel's photographs as a separate "work" for purposes of awarding statutory damages.  I have already decided that eight of Mr. Morel's photographs were infringed, and that AFP and Getty Images are jointly liable for those infringements.  Thus, you must make a total of eight statutory damages awards in this case.

For each infringed work, you must determine whether Defendants' infringement was (i) innocent; (ii) willful; or (iii) infringement that was neither innocent nor willful.  Each category has an associated range of statutory damages, and you must determine the award that is just under the circumstances within the range for the applicable category.

If you find the infringements were neither willful nor innocent, you must award Mr. Morel between $750 and $30,000 for each of the eight works infringed, or between $6,000 and $240,000 in total.

If Defendants prove that the infringement was innocent, you must award Mr. Morel between $200 and $30,000 for each of the eight works infringed, or between $1,600 and $240,000 in total.  If, however, you find that Defendants willfully infringed Mr. Morel's copyrights, you must award Mr. Morel between $750 and $150,000 for each of the eight works infringed, or between $6,000 and $1,200,000 in total.

There are many facts and considerations that may impact your determination of the amount of statutory damages to award.  You are the ultimate judge of the facts and of the appropriate award, within the statutory ranges.

Source: 17 U.S.C. § 504(c); Order on Summary Judgment, pages 49-50; Order on

Reconsideration, pages 12-15; 3 O'Malley, Grenig, and Lee, Federal Jury Practice and

Instructions § 160.93 (5th ed. 2000);  ABA Litigation Section, Model Jury Instructions:

Copyright, Trademark, and Trade Dress Litigation § 1.7.4 (2008);  *Bryant v. Media Right*

*Productions, Inc.* 603 F.3d 135, 144 (2d Cir. 2010); *Feltner v. Columbia Pictures Television,*

*Inc.*, 523 U.S. 340 (1998).

**Morel Proposed Instruction No. 24B**

> *AFP and Getty Images object to Mr. Morel's Proposed Instruction Nos. 24A, 24B, and 24C.*
> *AFP and Getty Images respectfully request that they be replaced with AFP/Getty Images*
> *Proposed Instruction Nos. 24A, 24B, and 24C, set forth below.*

**Willful Infringement**

Infringement is "willful" where the infringer had actual knowledge that he was infringing

Mr. Morel's copyright, or acted in reckless disregard of that right.  Knowledge of the

infringement may be constructive, rather than actual; that is, it need not be proven directly but

may be inferred from the infringer's conduct.

Mr. Morel has the burden of proving, by a preponderance of the evidence, that

Defendants' infringement was willful.  Although AFP and Getty Images are jointly liable, you

should evaluate each Counterclaim Defendant separately when assessing willfulness.

In evaluating each Counterclaim Defendant's state of mind, you may consider factors,

including, but not limited to:

1.   Whether Defendants were on notice that Mr. Morel's photographs were
     protected by copyright;

2.   Whether Defendants were aware of the existence of similar or identical
     photographs and thus should have known of a potential infringement issue;

3.   Whether Defendants had received warnings of the infringements;

4.   Whether Defendants were aware of a potential infringement and failed to
     make further inquiry;

5.   Whether Defendants have experience with copyright ownership or are in an
     industry where knowledge of copyright is prevalent; and

6.   Whether Defendants have infringed others' copyrighted works, including
     whether they been involved in other lawsuits asserting similar allegations.

You need not find that a Counterclaim Defendant acted maliciously in order to find willful infringement.  Also, you may infer a Counterclaim Defendant's state of mind, including reckless disregard, from its conduct.

If you find that the infringement was willful, you must award between $750 and $150,000 for each work infringed.  Where an infringer has acted willfully, the statutory award should incorporate not only a compensatory, but also a punitive component, to discourage further wrongdoing by these Defendants and others.  You have wide discretion in setting the amount of statutory damages, using the factors set forth in these instructions, as long as you do not go below or above the statutory range applicable to each work.

Source: 17 U.S.C. § 504(c); Order on Summary Judgment, pages 34-35; ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.7.7 (2008); *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.,* 968 F.2d 250, 252 (2d Cir. 1992); *Marshall v. Marshall*, 2012 U.S. Dist. LEXIS 45700, at *92-93 (E.D.N.Y. Mar. 30, 2012).

**Morel Proposed Instruction No. 24C**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction Nos. 24A, 24B, and 24C. AFP and Getty Images respectfully request that they be replaced with AFP/Getty Images Proposed Instruction Nos. 24A, 24B, and 24C, set forth below.*

**Innocent Infringement**

Infringement is innocent if the infringer was not aware, and had no reason to believe, that its acts constituted an infringement. It is Defendants' burden to prove that the infringement was innocent. The level of sophistication of Defendants' businesses is a factor you should consider in determining whether Defendants' infringement was innocent. Another factor you should consider is the customs in the relevant trade or industry.

If Defendants prove that the infringements were innocent, you must award between $200 and $30,000 for each work infringed. You have wide discretion in setting the amount of statutory damages, using the factors set forth in these instructions, as long as you do not go below or above the statutory range applicable to each work.

Source: *See* 17 U.S.C. § 504(c); *see* ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.7.7 (2008).

**AFP/Getty Images Proposed Instruction No. 24A**

*Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 24A. Mr. Morel respectfully requests that AFP/Getty Images Proposed Instructions Nos. 24A, B, and C be substituted with Morel Proposed Instructions Nos. 24A, B, and C, set forth above.*

**Statutory Damages (Copyright Infringement)—Generally**

Instead of [actual damages and] infringing profits, Mr. Morel may elect to recover statutory damages. Mr. Morel is permitted to make this choice at any time during this case, including after you have rendered a verdict. As a result, you must decide both the amount of [actual damages and[7]] infringing profits, as well as the amount of statutory damages, that Mr. Morel would be entitled to if he elects that form of damages.

Subject to the ranges that I will describe below, the statute gives you discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented. In deciding what amount is just, you should take into consideration the factors that I will describe to you.

You must make only one award of statutory damages for copyright infringement for each of the eight (8) works infringed. This is true no matter how many copies were made or how widely they were distributed, or how many of the Defendants jointly participated in infringing each photograph. In this case, you should consider each of Mr. Morel's eight photographs as a "work" for purposes of awarding statutory damages, and you must assume that Defendants acted jointly in committing the infringement. The statutory damages award will be entered against both Defendants together because they are jointly and severally liable, as I have previously explained.

---

[7] The bracketed portions of this instruction are offered only in the event the Court denies Counterclaim Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

**AFP/Getty Images Proposed Instruction No. 24B**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 24B.  Mr. Morel respectfully requests that AFP/Getty Images Proposed Instructions Nos. 24A, B, and C be substituted with Morel Proposed Instructions Nos. 24A, B, and C, set forth above.*

**Statutory Damages (Copyright Infringement)—Award Ranges**

You must determine whether each Defendant's infringement was (i) "regular" (neither innocent nor willful); (ii) innocent; or (iii) willful.  Each category has an associated range of statutory damages, and you must determine the award that is just under the circumstances within the range for the applicable category.

If you find that both Defendants' infringements were "regular," that is neither willful nor innocent, or that one Defendant's infringement was "regular" and one Defendant's infringement was "innocent," you must award Mr. Morel some amount between $750 and $30,000 for each of the eight works infringed, or some amount between $6,000 and $240,000 in total.

If you find that both Defendants' infringements were innocent, you may reduce the award of statutory damages to a sum of not less than $200 for each of the eight works infringed, or some amount between $1,600 and $240,000 in total.

Infringement is innocent if the infringer was not aware, and had no reason to believe, that its acts constituted an infringement.  It is each Defendant's burden to prove that the infringement was innocent.  The level of sophistication of each of the Defendant's businesses is a factor you should consider in determining whether each Defendant's infringement was innocent.  Other factors you should consider are the customs in the relevant trade or industry and the overall circumstances at the time the photographs were disseminated.

If, however, you find that either or both of the Defendants willfully infringed Mr. Morel's copyrights, you may increase the award of statutory damages to a sum of not more than $150,000 for each of the eight works infringed, or some amount between $6,000 and $1,200,000 in total.

Infringement is "willful" where the infringer either knew that its actions infringed the plaintiff's copyright or acted with reckless disregard of the plaintiff's rights, meaning that it harbored actual doubts about its rights to make use of the work and yet willfully proceeded to do so without investigating further. You may infer a defendant's state of mind, including reckless disregard, from its conduct.

Mr. Morel has the burden of proving, by a preponderance of the evidence, that each of the Defendant's infringement was willful. Although AFP and Getty Images are jointly liable, you should evaluate each Defendant separately when assessing willfulness.

If you determine that a Defendant reasonably believed its conduct was permissible or was the result of only negligence, or simple mistake or accident, then you should find that Defendant did not willfully infringe.

Statutory damages may be imposed for willful infringement not only to compensate for the plaintiff's injuries sustained, but also to discourage wrongful conduct. You have wide discretion in setting the amount of statutory damages, using the factors set forth in these instructions, provided your award is within the ranges I have given you.

Sources:  17 U.S.C. § 504(c); Order on Summary Judgment, pages 34-35; ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.7.7 (2008); *Bryant v. Media Right Prods.*, 603 F.3d 135, 143 (2d Cir. 2010); *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Lipton*, 71 F.3d at 472;

*N.A.S. Import, Corp. v. Chenson Enterprises, Inc.,* 968 F.2d 250, 252 (2d Cir. 1992); *see also*

*Marshall*, 2012 U.S. Dist. LEXIS 45700, at *92-93; NINTH CIRCUIT MANUAL OF MODEL

CIVIL JURY INSTRUCTIONS, Instruction No. 17.26:  Copyright – Damages – Willful

Infringement (2007); *Martin v. City of Indianapolis*, 192 F.3d 608, 614 (7th Cir. 1999);

*Fitzgerald v. CBS Broad., Inc*., 491 F. Supp. 2d 177, 191 (D. Mass. 2007); 5-14 Nimmer &

Nimmer, Nimmer on Copyright § 14.04[B][1][a].

**AFP/Getty Images Proposed Instruction No. 24C**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 24C.  Mr. Morel respectfully requests that AFP/Getty Images Proposed Instructions Nos. 24A, B, and C be substituted with Morel Proposed Instructions Nos. 24A, B, and C, set forth above.*

**Statutory Damages (Copyright Infringement)—Factors to Consider**

There are many facts and considerations that may impact your determination of the amount of statutory damages to award for copyright infringement.  You are the ultimate judge of the facts and of the appropriate award, within the appropriate statutory range, set forth above. The following are some of the factors that may help guide your assessment of an appropriate award, and you may consider any or all of them:

    (1)      The Defendants' states of mind, including innocence or willfulness;

    (2)      The expenses saved, and profits earned, by the Defendants;

    (3)      The revenue lost, if any, by Mr. Morel as a result of the infringement;

    (4)      The deterrent effect, if any, on the Defendants and third parties;

    (5)      The Defendants' cooperation in providing evidence concerning the value of the infringing material; and

    (6)      The conduct and attitude of the parties.

The amount of statutory damages awarded should bear some relation to the amount of actual damages you believe Mr. Morel proved that he suffered.  [I have already decided that Mr. Morel has not proven that he lost any revenues or suffered any actual damages as a result of the infringement.[8]]

---

[8]      This portion of the instruction is offered in the event the Court grants Counterclaim Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

<u>Source</u>:  17 U.S.C. § 504(c); Order on Summary Judgment, pages 49-50; Order on Reconsideration, pages 12-15; 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 160.93 (5th ed. 2000); *Bryant v. Media Right Productions, Inc.,* 603 F.3d 135, 144 (2d Cir. 2010); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

**Joint Instruction No. 25**

**Definition of Copyright Management Information**

Mr. Morel has asserted that Defendants violated the Digital Millennium Copyright Act ("DMCA") by falsifying, removing or altering copyright management information. "Copyright management information," also called "CMI," means any of the following conveyed in connection with Mr. Morel's photographs:

1.  The title and other information identifying the photographs, including the information set forth on a notice of copyright;

2.  The name of, and other identifying information about, the author of the photographs;

3.  The name of, and other identifying information about, the copyright owner of the photographs, including the information set forth in a notice of copyright;

4.  Terms and conditions for use of the photographs; and

5.  Identifying numbers or symbols referring to such information or links to such information.

CMI does not, however, include any personally identifying information about a user of a work, in this case, the photographs.


Source: 17 U.S.C. § 1202(c); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.8.15 (2008).

**Morel Proposed Instruction No. 26**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 26.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 26, set forth below.*

**DMCA § 1202 (a) – Falsifying Copyright Management Information**

Mr. Morel has asserted that AFP and Getty Images violated the DMCA by falsifying copyright management information ("CMI").  In order to prevail on this claim, Mr. Morel must prove by a preponderance of the evidence that Defendants knowingly and with the intent to induce, enable, facilitate or conceal infringement:

    (1)    Provided CMI that is false, or

    (2)    Distributed or imported for distribution CMI that is false.

You should analyze Mr. Morel's claim under DMCA § 1202 (a) against each Defendant separately.

Source: 17 U.S.C. § 1202(a); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.18.16 (2008); Order on Summary Judgment at 44.

**AFP/Getty Images Proposed Instruction No. 26**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 26.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 26, set forth above.*

**DMCA § 1202 (a) – Falsifying Copyright Management Information**

Mr. Morel has alleged that AFP and Getty Images violated the DMCA by falsifying copyright management information ("CMI").  To recover under the DMCA, Mr. Morel must prove that he suffered injury as a result of a DMCA violation.  In order to establish a DMCA violation under Section 1202(a), Mr. Morel must prove by a preponderance of the evidence that Defendants:

    1.    Provided or distributed CMI that was false; <u>and</u>

    2.    Knew that the CMI was false at the time they provided or distributed the CMI; <u>and</u>

    3.    Provided or distributed the false CMI with the intent to induce, enable, facilitate or conceal copyright infringement.

You must determine whether each element is met [as to each individual alleged violation of this section.  In order to find more than one violation, you must find that Morel suffered a distinct injury from each violation.[9]]  [You should analyze these elements for each Defendant separately.[10]]

---

[9]    The first bracketed portion of the instruction is offered only in the event the court rules that there are more than one DMCA violations.

[10]    The second bracketed portion of the instruction is offered only in the event the Court rules that AFP and Getty Images are not jointly and severally liable as a matter of law for any alleged DMCA violation(s).

Source:  17 U.S.C. §§ 1202(a), 1203(a); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.18.16 (2008); Order on Summary Judgment at 44.

**Morel Proposed Instruction No. 27**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 27.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 27, set forth below.*

**DMCA § 1202 (b) – Removing or Altering Copyright Management Information**

Mr. Morel has asserted that AFP and Getty Images violated the DMCA by removing or altering Mr. Morel's copyright management information ("CMI") from his photographs.  In order to prevail on this claim, Mr. Morel must prove by a preponderance of the evidence that AFP and/or Getty Images did at least one of the following:

(1)     Intentionally removed or altered CMI without Mr. Morel's permission;

(2)     Distributed or imported for distribution CMI knowing that the CMI had been removed or altered without Mr. Morel's permission; or

(3)     Distributed or imported for distribution, Mr. Morel's photographs knowing that the CMI had been removed or altered without permission.

Mr. Morel must also prove that AFP and Getty Images took such actions knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate or conceal copyright infringement.

You should analyze Mr. Morel's claim under DMCA § 1202 (b) against each Defendant separately.


Source:  17 U.S.C. §1202(b); ABA Litigation Section, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.8.17 (2008).

**AFP/Getty Images Proposed Instruction No. 27**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 27.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 27, set forth above.*

**DMCA § 1202 (b) – Removing or Altering Copyright Management Information**

Mr. Morel has alleged that AFP and Getty Images violated the DMCA by removing or altering Mr. Morel's copyright management information ("CMI") from his photographs. To recover under the DMCA, Mr. Morel must prove that he suffered injury as a result of a DMCA violation.  In order to establish a DMCA violation under Section 1202(b), Mr. Morel must prove by a preponderance of the evidence that AFP and/or Getty Images did at least one of the following:

1.     Intentionally removed or altered CMI without Mr. Morel's permission; <u>or</u>

2.     Distributed or imported for distribution CMI or works bearing CMI, knowing at the time of distribution or importation, that the CMI had been removed or altered without Mr. Morel's permission.

Mr. Morel must also prove that at the time AFP and Getty Images took such actions, they knew or had reasonable grounds to know, that doing so would induce, enable, facilitate or conceal copyright infringement.

You must determine whether each element is met [as to each individual alleged violation of this section.  In order to find more than one violation, you must find that Morel suffered a distinct injury from each violation.[11]]  [You should analyze these elements for  each Defendant separately.[12]]

---

[11]     The first bracketed portion of the instruction is offered only in the event the court rules that there are more than one DMCA violations.

[12]      The second bracketed portion of the instruction is offered only in the event the Court rules that AFP and Getty Images are not jointly and severally liable as a matter of law for any alleged DMCA violation(s).

Source:  17 U.S.C. §1202(b); ABA Litigation Section, Model Jury Instructions: Copyright,

Trademark, and Trade Dress Litigation § 1.8.17 (2008).

**Joint Instruction No. 28**

**Assessing Liability of Multiple Defendants Under the DMCA**[13]

Each Defendant is entitled to a fair, separate, and individual consideration of the evidence in connection with Mr. Morel's DMCA claims.  If you find that only one Defendant is responsible for a DMCA violation, then you must impose damages for that injury upon only that Defendant.

However, you may find that more than one Defendant is liable for a violation of the DMCA.  As I explained in a previous instruction, if two or more persons or entities unite in causing an injury, then all of those persons and entities are jointly liable for the acts of each of them.

Source: *See* 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 103:14 (6th ed. 2011); 4 Sand, Siffert, *et al.*, Modern Federal Jury Instructions (Civil), Instruction 77-2 (2013).

---

[13]    Defendants assert that this instruction is offered only in the event the Court rules that AFP and Getty Images are not jointly and severally liable as a matter of law for any alleged DMCA violation(s).

**Morel Proposed Instruction No. 29**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 29.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 29, set forth below.*

**Damages under the DMCA**

If you find that Defendants violated § 1202 (a) or § 1202 (b) of the DMCA, you should then determine the amount of damages to be awarded to Mr. Morel.  Under the DMCA, Mr. Morel is entitled to elect either:

1.     Actual damages, plus any of the Defendants' profits attributable to the violations; or

2.     Statutory damages.

I will now describe to you both categories of damages.

Source: 17 U.S.C. § 1203(c)(1); *Propet USA, Inc. v. Shugart*, 2007 WL 4376201 (W.D. Wash. Dec. 13, 2007); *see also Feltner v. Columbia Pictures Television*, Inc., 523 U.S. 340 (1998).

**AFP/Getty Images Proposed Instruction No. 29**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 29.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 29, set forth above.*

**Damages under the DMCA**

If you find that Mr. Morel has proved that one or more Defendants have violated the DMCA, then you must determine the amount of damages, if any, Mr. Morel is entitled to recover. If you find that Mr. Morel has failed to prove the claim, then you will not consider the question of damages.

Mr. Morel must prove damages by a preponderance of evidence.

As damages, Mr. Morel may recover [any actual damages he suffered because of the DMCA violation and] any of the Defendants' profits attributable to the DMCA violation [that you have not already counted as actual damages either for the DMCA violation(s) or for copyright infringement[14]].  Alternatively, Mr. Morel may recover statutory damages for each violation of the DMCA.  After reviewing your verdict, Mr. Morel can choose which of these two types of damages he wants.

I will define the two types of damages in the following instructions.

Source:  17 U.S.C. § 1203(c)(1); *Property Three Tech. Gp. v. Apartment Hunters, Inc.*, No. 1:07-cv-356-JMS-RLY, 2010 Jury Instr. LEXIS 606, 626-27 (S.D. Ind. Jan. 26, 2007); *see also Feltner v. Columbia Pictures Television*, Inc., 523 U.S. 340 (1998).

---

[14]  The bracketed portions of the instruction are offered only in the event the Court denies Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

64

**Morel Proposed Instruction No. 30**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 30.  AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 30, set forth below.*

**Actual Damages and Profits under the DMCA**

Mr. Morel may elect to recover actual damages for Defendants' violations of the DMCA. You should assess actual damages under the DMCA in the same way that you would assess actual damages for copyright infringement, as I have set forth in a previous instruction.

Source: 17 U.S.C. § 1203(c)(2).

**AFP/Getty Images Proposed Instruction No. 30**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 30. Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 30, set forth above.*

**Actual Damages and Profits under the DMCA**

If you find that Mr. Morel has proved that one or more Defendants have violated the DMCA, Mr. Morel may elect to recover actual damages suffered by him as a result of the DMCA violation. ["Actual damages" means the amount of money adequate to compensate Mr. Morel for his losses due to the violation, such as lost sales or royalties, or other profits Mr. Morel would have earned but for the violation. This includes a decrease in the market value of Mr. Morel's photographs caused by the violation and revenue Mr. Morel would have made on sales without the violation. Any amounts awarded to Mr. Morel in actual damages must compensate him for injury sustained as a result of the DMCA violation alone, not for harm suffered as a result of Defendants' infringement of Mr. Morel's copyright.[15] [I have already decided that Mr. Morel has not proven that he suffered any actual damages as a result of the alleged violation of the DMCA.[16]]

In addition, if you find that Mr. Morel has proved that one or more Defendants have violated the DMCA, he is also entitled to Defendants' profits that are attributable to the violation. [You may not, however, include in an award of profits, any amount that you already included in calculating his actual damages.[17]] Mr. Morel must also prove by the preponderance of the evidence that any such profits are attributable to the DMCA violation alone and not to

---

[15]     The first bracketed portion of the instruction is offered only in the event the Court denies Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

[16]     The second bracketed portion of the instruction is offered in the event the Court grants Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

[17]     The third bracketed portion of the instruction is offered only in the event the Court denies Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

Defendants' infringement of Mr. Morel's copyright.  Mr. Morel may only recover profits made by the Defendants in the United States.

Source:  17 U.S.C. § 1203(c)(2); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12A.13[A] (Matthew Bender & Co. ed. 2013); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 11-CV-726, 2012 U.S. Dist. LEXIS 113791, at *16-27 (E.D.N.Y. June 13, 2012); *Property Three Tech. Gp. v. Apartment Hunters, Inc.*, No. 1:07-cv-356-JMS-RLY, 2010 Jury Instr. LEXIS 606, 626-27 (S.D. Ind. Jan. 26, 2007).

**Morel Proposed Instruction No. 31**

*AFP and Getty Images object to Mr. Morel's Proposed Instruction No. 31. AFP and Getty Images respectfully request that it be replaced with AFP/Getty Images Proposed Instruction No. 31, set forth below.*

**Statutory Damages under the DMCA**

If you find that one or both of the Defendants have violated the DMCA, Mr. Morel may elect to recover statutory damages for those violations. As with copyright infringement, Mr. Morel is permitted to make this choice at any time during this case, including after you have rendered a verdict. As a result, you must decide both the actual damages and profits, as well as the statutory damages, that Mr. Morel is entitled to under the DMCA.

Unlike copyright infringement damages, which are limited to one recovery per work, Mr. Morel is entitled to one statutory damages award for each violation of the DMCA. If you find that one or both of the Defendants violated section 1202 of the DMCA, you must then determine how many violations each defendant committed. Mr. Morel is entitled to no more than one statutory award for each violation by each defendant. An award under this provision, however, must not be based on the number of photographs at issue and must not be based on the number of recipients of those photographs. Instead, an award under this provision can be granted against AFP and Getty Images for each violative act performed by that defendant, that is, based on AFP's and Getty Images' respective actions in uploading or distributing Mr. Morel's photographs.

Accordingly, if you find that defendants violated § 1202(a) or § 1202(b), a single posting of the infringed material would constitute the basis for a single award, regardless of the number of recipients who received that infringed material from that single posting. If you find that each

defendant posted the infringing material on the internet more than once, you may award statutory

damages under this provision for each posting on the internet by such defendant.

For *each* violation, you must award Mr. Morel an amount of not less than $2,500 and not

more than $25,000.  Within these limits, the statute gives you broad discretion to determine the

amount of statutory damages that you find to be just in light of the evidence presented.  There are

many factors and considerations that may impact your determination of the amount of statutory

damages to award.  You are the ultimate judge of the facts and of the appropriate award.  In

determining the appropriate amount to award per violation, you may consider the following

factors:

1. The expenses that the Defendants saved and the profits that they earned
   because of the violation;

2. The revenues that Mr. Morel lost because of the violation;

3. The difficulty of proving Mr. Morel's actual damages;

4. The circumstances of the violation;

5. Whether Defendants violated the DMCA intentionally or innocently; and

6. Deterrence, if any, of future violations.

If you find that AFP or Getty has proven that they were not aware and had no reason to believe

that their acts constituted violations of the DMCA, you may reduce the amount of damages Mr.

Morel receives under the DMCA.


Source: 17 U.S.C. § 1203(c)(B).

**AFP/Getty Images Proposed Instruction No. 31**

> *Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 31.  Mr. Morel respectfully requests that it be replaced with Morel Proposed Instruction No. 31, set forth above.*

**Statutory Damages under the DMCA**

If you find that Mr. Morel has proved that one or more Defendants have violated the DMCA, Mr. Morel may elect to recover  statutory damages.  For violation of the DMCA, you may award statutory damages in an amount that you find to be fair under the circumstances. The amount must be between $2,500 and $25,000 for each violation of the DMCA.  [I have already decided that, if Defendants are liable, there is one (1) violation.] [I have already decided that, if Defendants are liable, there are a maximum of [x] potential violations.][18]  You should not interpret this to mean that I have made any finding one way or the other about liability.

In determining the appropriate amount to award per violation, you may consider the following factors:

1.    The expenses that the Defendants saved and the profits that they earned because of the violation;

2.    The revenues that Mr. Morel lost because of the violation;

3.    The difficulty of proving Mr. Morel's actual damages;

4.    The circumstances of the violation;

5.    Whether Defendants violated the DMCA intentionally or innocently; and

6.    Deterrence, if any, of future violations.

---

[18]    Alternate formulations are offered in brackets to reflect different possible outcomes of Defendants' motion *in limine* to preclude and to determine the number of DMCA violations at issue.

[With respect to factor (2), I have already decided that Mr. Morel has not proven that he lost any revenues or suffered any actual damages as a result of the alleged violation of the DMCA.[19]]

If the Defendants prove that they innocently violated the DMCA, then you may, but are not required to, reduce the statutory damage award below the $2,500 minimum per violation. A violation is considered innocent if the Defendants prove that they did not know, and had no reason to know, that their acts constituted a violation.

Source:  17 U.S.C. § 1203(c)(B); *Property Three Tech. Gp. v. Apartment Hunters, Inc.*, No. 1:07-cv-356-JMS-RLY, 2010 Jury Instr. LEXIS 606, 626-27 (S.D. Ind. Jan. 26, 2007); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

---

[19] The bracketed portion of the instruction is offered in the event the Court grants Defendants' motion *in limine* to exclude evidence and argument of Morel's actual damages.

**AFP/Getty Images Proposed Instruction No. 32**

> Mr. Morel objects to AFP/Getty Images Proposed Instruction No. 32.  Mr. Morel respectfully requests that it be struck in its entirety.

### Damages for the Same Injury (Limiting to DMCA or Copyright Damages)

Although Mr. Morel seeks to recover against the Defendants based on multiple legal claims, he may not recover twice for the same injury.  Therefore, if you find that Mr. Morel is entitled to a verdict on both his copyright infringement and his DMCA claims, you may not compensate him twice for any harm he might have suffered.  Any damage award for the DMCA claim must be limited to the component of injury you find Mr. Morel sustained for this claim, if any, over and above whatever injury you have already compensated for by your award for copyright infringement.

Source:  *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1997); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 969–70 (2d Cir. 1997); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2d Cir. 1992); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 250-54 (S.D.N.Y. 2004); *Tu v. TAD Sys. Tech. Inc.*, No. 08–CV–3822 (SLT)(RML), 2009 WL 2905780, at *3-5 (E.D.N.Y. Sept. 10, 2009); *Adobe Sys. Inc. v. Feather*, No. 3:11–cv–1513, 2012 WL 4748861, at *3 n.5 (D. Conn. Sept. 18, 2012); *Telebrands Corp. v. HM Import USA Corp.*, No. 09-CV-3492, 2012 WL 3930405, at *6-8 (E.D.N.Y. July 26, 2012); 5 *Nimmer on Copyright* § 14.01[C][2][a].

**Joint Instruction No. 33**

**Duty to Deliberate**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Source:  3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 106:01 (6th ed. 2011).

**Joint Instruction No. 34**

**Election of Foreperson and Special Verdict Form**

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience.  You will take this form to the jury room.

You will note that each question on the form calls for a "Yes" or "No" answer, asks you to choose one of a number of choices, or asks you to list an amount of damages to be awarded. The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

Once you have answered the relevant questions as instructed on the special verdict form, the foreperson will date and sign the special verdict as so completed, and you will then return with it to the courtroom.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 106:05 (6th ed. 2011).

**Joint Instruction No. 35**

**Effect of Instruction as to Measure of Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff by a preponderance of the evidence in the case according to the other instructions.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 106:02 (6th ed. 2011).

**Joint Instruction No. 36**

**Communications Between Court and Jury**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You are never to reveal to any person—including to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source: 3 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 106:08 (6th ed. 2011).

Dated:  New York, New York
           September 20, 2013


/s/_____          /s/_____
Joseph T. Baio                        Joshua J. Kaufman
Emma J. James                         Meaghan H. Kent
Teri Seigal                           Elissa B. Reese

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue                    VENABLE LLP
New York, New York 10019-6099         575 7th Street, N.W.
Telephone: (212) 728-8000             Washington, DC 20004-1601
Fax: (212) 728-8111                   Telephone: (202) 344-4000
                                      Fax: (202) 344-8300

*Attorneys for Defendant and*
*Counterclaim Plaintiff Daniel Morel*  *Attorneys for Plaintiff and Counterclaim*
                                       *Defendant Agence France Press*


                                      /s/_____
                                      Marcia B. Paul
                                      James Rosenfeld
                                      Deborah Adler
                                      Samuel M. Bayard

                                      DAVIS WRIGHT TREMAINE LLP
                                      1633 Broadway 27th floor
                                      New York, New York 10019
                                      Telephone:  (212) 489-8230

                                      *Attorneys for Defendant*
                                      *Getty Images (US), Inc.*