

575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

November 17, 2013

Joshua J. Kaufman

T 202.344.8538
F 202.344.8300
jjkaufman@venable.com

**VIA EMAIL**

Honorable Judge Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Email:  NathanNYSDChambers@nysd.uscourts.gov

Re:   *AFP v. Daniel Morel, Case No. 10-cv-2730 (AJN)(FM)*

Dear Judge Nathan:

I write on behalf of AFP regarding certain questioning of Vincent Amalvy by Mr. Baio on Friday afternoon.  AFP renews its objection to the line of questioning and respectfully requests that the Court strike from the record the below questioning and testimony.  AFP additionally requests that the Court read a curative instruction to the jury to avoid unfair prejudice to AFP.

The line of questioning at issue is as follows:

```
24   Q.  Do you know that Mr. Morel actually went to the hotel room
25   of the AFP people?
1    A.  I wasn't sure about that, but I was hoping that Daniel
2    Morel would be in touch with the 15 people on special
3    assignments in Haiti at that time.
4    Q.  Did anyone tell you that when Mr. Morel went to meet with
5    the AFP people, they turned him away?
6    MR. KAUFMAN:  Objection, your Honor.
7    MR. BAIO:  Subject to connection, your Honor.
8    THE COURT:  Just a second.  Let me hear the answer.
9    A.  I can't believe they did that.
10   Q.  No one ever told you they did that?
11   A.  Absolutely nobody.
12   MR. BAIO:  I have no further questions, your Honor.
```

(Amalvy Tr. 372:24-373:12.)



November 17, 2013
Page 2

Mr. Baio represented to the court that he intended to pursue this line of questioning subject to establishing its relevance. (*Id.* at 373:7.) However, Mr. Amalvy had no knowledge about the matter. Accordingly, the resulting exchange amounts to thinly-veiled testimony from Mr. Baio, and nothing else.

As a result, the jury is left with the distinct impression that, although Mr. Amalvy may be unaware of it, in truth Mr. Morel went to a hotel room in Haiti occupied by AFP staff, that he attempted to gain entry and coordinate with AFP, and that he was turned away. In fact, there is no evidence or testimony from either Mr. Amalvy or Mr. Morel that these events ever occurred. And, tellingly, when Mr. Baio had Daniel Morel on the witness stand (and with full knowledge that AFP's offer of assistance was going to be pursued with Mr. Amalvy), he did not procure this testimony directly from Mr. Morel. The only testimony regarding these purported events is Mr. Baio's testimony.

AFP properly preserved its objection to the line of questioning and Mr. Baio's manner of inquiry. Mr. Baio failed to establish that the questioning was substantively proper, and AFP maintains that his manner of questioning amounts to testimony. The jury could not reasonably find that these events transpired based on the testimony of Mr. Amalvy, and thus, the Court should strike Mr. Baio's insinuation and cure the impropriety with a specific instruction. *See* 2 Handbook of Fed. Evid. § 104:2 (7th ed., Nov. 2013 update) ("[I]f considering all the evidence upon the issue including evidence subsequently introduced by the opponent the jury could no longer reasonably find that the condition was fulfilled, the court should instruct the jury to disregard the evidence.").

AFP requests that the above-identified lines of Mr. Amalvy's direct examination be stricken from the record, and that the following instruction be read to the jury to cure the problem:

> On Friday afternoon, during his questioning of Vincent Amalvy, Mr. Morel's counsel insinuated that Daniel Morel went to a hotel room in Haiti where AFP staff was staying, knocked on the door, and was refused entry. No evidence to support that insinuation was adduced. Mr. Amalvy testified that he had no knowledge of these purported events, and neither he nor Mr. Morel offered any testimony that these events ever occurred. Therefore, you should disregard the questioning by Mr. Baio, and instead consider only the evidence which has been admitted regarding AFP's assistance to Mr. Morel. You must always consider only the testimony of witnesses, not counsel, that I permit.

7279112_2



November 17, 2013
Page 3

Thank you for your consideration.

                                                 Respectfully submitted,

                                                 /s/ Joshua J. Kaufman
                                               Joshua J. Kaufman

cc:    Joseph Baio, Esq.
        James Rosenfeld, Esq.
        Marcia Paul, Esq.

7279112_2