UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 0 3 2014
```

---

Agence France Presse,

                    Plaintiff,

          —v—

Daniel Morel,

                    Defendant,

          —v—

Getty Images (US), Inc.,

                    Counterclaim Defendant.

---

10-cv-2730 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

On October 30, 2014, the Court received a request to redact limited information contained in the Defendants'[1] opposition to Plaintiff's motion for attorneys' fees and costs. In short, Defendants propose to redact information about the pretrial settlement offers made to Plaintiff—such as the timing and amount of those offers—as well as off-the-record statements about settlement made by the Court at the final pretrial conference held on November 1, 2013. For the following reasons, the motion is GRANTED.

Redaction requests are subject to the three-part test set forth by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document at issue is a "judicial document," that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at

---

[1] AFP originally brought this action seeking a declaratory judgment that it had not infringed Morel's photographs. Morel then filed counterclaims against AFP and impleaded Getty as a third-party defendant. (Other third-party defendants that Morel initially named are no longer part of this lawsuit.) Because Morel alleged violations by AFP and Getty, the Court's previous orders referred to AFP and Getty as "Defendants" for simplicity's sake. AFP and Getty were also called "Defendants" at trial to avoid confusing the jury. *See* Dkt. No. 270 at 1 n.2. The Court will continue that practice here for clarity.

119 (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)).  If it is, the common-law presumption of public access to the document attaches, and the Court must next determine the weight to be given that presumption.  *Lugosch*, 435 F.3d at 119.  Finally, the Court must balance any "competing considerations" against the weight of the presumption of access due to the document.  *Id.* at 120.

The public may also have a qualified First Amendment right of access to certain judicial documents.  The Second Circuit has set forth two approached for determining whether the First Amendment right applies.  The first is the "experience and logic" approach, which asks whether the documents "have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question."  *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004)) (internal quotation marks omitted).  The second approach requires the Court to consider "the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings."  *Id.* (quoting *Hartford Courant*, 380 F.3d at 93) (internal quotation marks omitted).

Taking the first and second steps of the *Lugosch* inquiry at once, it appears that preliminary settlement documents of the type that contain the information Defendants wish to redact here are indeed judicial documents, but that the presumption of public access is given relatively little weight when such documents are involved.  The Second Circuit has explained that "[t]he weakest presumption is given to documents such as preliminary settlement documents, which have not yet been submitted to a court for ratification."  *United States v. Graham*, 257 F.3d 143, 151 (2d Cir. 2001).  Until these documents become part of a final agreement submitted for a court to act upon, and thereby become public, they play a "negligible role" in the Court's exercise of its judicial power.  *Id.*  Indeed, the Court did not see the settlement documents containing the information that the Defendants wish to redact at any point before or during trial.

That said, it is incorrect to say that Defendants wish to redact the settlement documents themselves; instead, the document Defendants propose to redact is their memorandum of law on the matter of attorneys' fees and costs.  This is clearly a judicial document, and while the underlying information may come from documents to which only a weak presumption of access attaches, it is contained in a document that could prove material to the Court's disposition of the dispute on the merits—which is on the opposite end of the "presumption of access" continuum. *Graham*, 257 F.3d at 150-51; *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (dispositive orders, and briefs and documents submitted in relation to them, are entitled to strong presumption of public access).  As Defendants themselves have explained, "th[e] offers may inform the reasonableness of the parties' litigation conduct and the degree of Mr. Morel's success."  Def. Letter at 1.  Information on which a court must rely to determine the motion before it—such as the settlement amounts contained in the Defendants' memorandum, per the Defendants themselves—is given a strong presumption of public access.  The settlement documents cease to be information with "no value to those monitoring the exercise of Article III judicial power by the federal courts," *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998), and become potentially necessary to understanding the Court's decision.  As the Court does not know the full extent to which it will rely on the settlement figures in reaching a final decision on the merits of the fees dispute, it would be premature to rule that the presumption is at its absolute strongest in this case, but it is much stronger than what would attach if access were sought to the settlement documents standing alone.

Against this strong presumption, the Court must balance the interests weighing against public disclosure of the settlement information.  Defendants assert that there is a "strong public interest in encouraging amicable resolution of disputes."  Def. Letter at 3.  This is certainly true—the Second Circuit has held that "a federal judge has the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991) (citing *Palmieri v. State of New York*,

3

779 F.2d 861, 864-65 (2d Cir. 1985)). The public interest in settlement is strongest "[w]here a case is complex and expensive, and resolution of the case will benefit the public." *Glens Falls Newspapers*, 160 F.3d at 856-57. There must still be a "compelling reason" to seal (or redact) judicial documents, *Chase*, 942 F.2d at 135, and specific reliance on confidentiality when entering into a settlement appears to be another strong factor weighing against disclosure, *id.* at 136. The generalized interest in promoting settlement and permitting parties to negotiate without fear of publicity is entitled to some weight as well. *Glens Falls Newspapers*, 160 F.3d at 858 ("Few cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals.").

The existence of that generalized interest comprises the Defendants' main argument for redaction. This case is distinguishable from situations where parties relied on the confidentiality of settlement information in order to reach a settlement, or where a party would not have settled but for an assurance of confidentiality, as was the case in *City of Hartford v. Chase*. 942 F.2d at 136. No settlement was reached here. Moreover, this copyright action does not take on the character of a case whose resolution will "benefit the public," except in the general sense that orderly administration and enforcement of the laws always benefits the public. Nevertheless, the Court recognizes the harm to future settlement efforts by both these Defendants in particular, and defendants in similar actions generally, if it were to refuse to redact the settlement offer figures. It could undermine defendants' bargaining positions and inhibit their ability to reach settlements in many cases.

In light of the fact that the Court does not yet know whether it will rely on the settlement offer figures that the Defendants seek to redact, and given the importance of the countervailing interests, Defendants' redaction request is provisionally GRANTED. The Court reserves the right to revisit the matter in light of its final decision on Plaintiff's application for fees and costs.


SO ORDERED.

4

Dated: __Nov 3__, 2014
      New York, New York

ALISON J. NATHAN
United States District Judge