UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 0 9 2015
```

----

Agence France Presse, et al.,

                          Plaintiffs,

            –v–

Daniel Morel,

                          Defendant.

----

10-cv-2730 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

I.      **Background**

On June 22, 2015, Ms. Barbara Hoffman, former counsel to Daniel Morel, filed a letter requesting that certain documents be added to the docket in this case so that the Second Circuit Court of Appeals may consider them as part of the joint appendix to her appeal from this Court's March 23, 2015 order. *See* Dkt. No. 393.  Specifically, she requested that Agence France Presse ("AFP") and Getty Images, Inc.'s ("Getty") opposition brief to Mr. Morel's motion for attorney's fees be added to the docket, in addition to a number of settlement agreements between Mr. Morel and parties no longer involved in this action. *Id.*  On June 29, 2015, the Court offered the parties remaining in the case an opportunity to file their own letters expressing their views on the propriety of Ms. Hoffman's request. *See* Dkt. No. 394.  The letters were to be filed by July 2, 2015. *Id.*

On July 1, 2015, the Court received a letter from AFP and Getty. *See* Dkt. No. 395.  The letter indicated that they had reached an agreement with Ms. Hoffman whereby they provided her with redacted and unredacted versions of their opposition papers, with the understanding that she hold confidential the non-public and redacted information in the papers. *Id.*  Counsel for

1

AFP and Getty also volunteered to file a redacted copy of their opposition papers to the docket pursuant to Rule 4.A. of the Court's Individual Practices in Civil Cases. *Id.* AFP and Getty took no position as to Ms. Hoffman's request to have the settlement agreements added to the record. *Id.* Mr. Morel has filed no letter in response to Ms. Hoffman's request. Surprisingly, while the request was still pending, AFP and Getty filed a redacted version of their opposition brief and Ms. Hoffman simultaneously filed a settlement agreement between her and Mr. Morel's present counsel. *See* Dkt. Nos. 397, 398.

## II.     Legal Standard

Federal Rule of Appellate Procedure 10(e)(1) states that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." "The purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what was considered by [the district] court" and "[i]t is well-settled that the purpose of Rule 10(e) is not to allow a district court 'to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review.'" *Armfield v. Jacobson*, 95-cv-4820, 1998 WL 199852, at *2 (E.D.N.Y. Mar. 27, 1998) (quoting *Rubin v. Brady*, 1992 WL 350749, *1 (S.D.N.Y. Nov.17, 1992)). *See also* J. Moore, 20 *Moore's Federal Practice* § 310.40[1][c] ("While Appellate Rule 10(e) grants the district and circuit courts latitude in correcting the record, it does not authorize the addition of new material.")

## III.    Discussion

The Court turns first to Ms. Hoffman's request that AFP and Getty's opposition to Mr. Morel's motion for attorney's fees be filed on the docket. On October 30, 2014, while the parties

were in the midst of briefing the issue of fees, AFP and Getty filed a letter with the Court via email requesting that they be allowed to redact limited information contained in their opposition to Mr. Morel's request for fees. The letter contained both redacted and unredacted versions of the opposition brief. On November 3, 2014, the Court provisionally granted AFP and Getty's request to file the opposition with redactions. *See* Dkt. No. 355. Subsequent to the Court's November 3, 2014 order, AFP and Getty served their opposition on the parties in the case, but failed to file a redacted version on ECF. The Court then closely reviewed and considered AFP and Getty's opposition papers when drafting its March 23, 2015 order on the subject of fees. Accordingly, addition of the opposition brief to the docket would appropriately reflect what the Court considered in deciding Ms. Hoffman's motion. *See Rubin*, 1992 WL 350749, *1 (noting that the purpose of Rule 10(e)(1) is to ensure that the record on appeal reflects what was considered by the district court). The Court will therefore file an unredacted version of the opposition under seal and the redacted version of AFP and Getty's opposition brief, *see* Dkt. No. 397, shall remain on the docket.

Turning to Ms. Hoffman's second request, the Court denies her request to have Mr. Morel's various settlement agreements with former parties filed to the docket. Unlike AFP and Getty's opposition brief, those documents were not before the Court when it ruled upon Ms. Hoffman's motion to set her charging lien. Moreover, the substance of those settlement agreements was not at issue in the parties' motions for fees.

The Court referred to these settlement agreements, which were discussed in the parties' briefing, for two purposes in its March, 23, 2015 order. First, the Court concluded that it was appropriate to reduce the sum of Ms. Hoffman's proposed charging lien in light of her slapdash recordkeeping, which failed to distinguish between time Ms. Hoffman dedicated to work on the

suit against AFP and Getty as compared to negotiating settlement agreements with the former parties. *See* Dkt. No. 367 at 22 ("Although Hoffman insists that the records she has submitted for this motion do *not* include billable time related to these settlements, *see* Hoffman Decl. ¶ 66, the Court is skeptical of that assertion due to the paucity of detail provided by Hoffman. In light of Hoffman's scattershot recordkeeping, it strains belief to imagine that, years later, she could retroactively suss out what percentage of her block-billed time was dedicated to settlement negotiations with these parties.")

Second, also in the context of the poor recordkeeping, the Court considered the fact that Ms. Hoffman had likely already received compensation for overlapping work stemming from the settlement agreements in concluding that her requested charging lien sum was excessive. *See id.* at 25 ("Second, Hoffman recovered some level of fees through Morel's settlement with a number of Defendants. It is not clear whether or not the hours dedicated to these settlements were disaggregated from the 1,250 number [of hours] Hoffman provides and even if such disaggregation were possible, it would not reflect the fact that much of Hoffman's work towards settlement overlapped with the work required for this aspect of the case.") In his opposition to Ms. Hoffman's motion to set the value of her charging lien, Mr. Morel asserted that she received approximately $310,000 in settlement proceeds, including approximately $76,455 that reimbursed Ms. Hoffman for costs incurred during settlement negotiations. *See* Dkt. No. 352 at 8. The Court did not specifically rely on this sum or the terms of the agreement in reaching its own independent determination of a reasonable fee for Ms. Hoffman. Ms. Hoffman did not dispute that she received compensation for her work on the various settlement agreements, but rather contended that her lodestar estimate did not reflect time spent working on those agreements. *See* Dkt. No. 347 ¶ 66. She did not seek to submit the settlement agreements at that time and, as noted, in reaching its conclusion, the Court relied only on the undisputed fact that she received compensation. It was this fact, in combination

with the poor record keeping, that led the Court, as one factor among many, to reject her proposed lodestar.

In sum, the substance of the settlement agreements was never a fact or issue before the Court. Ms. Hoffman did not seek to include them as part of the record while the matter was pending and the Court did not rely on them. Adding the settlement agreements to the docket would impermissibly add new facts and issues to the record. *See Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, 01-cv-5196 (HB), 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002) (citing *Dictograph Prods. v. Sonotone Corp.*, 231 F.2d 867 (2d Cir. 1956), *cert. dismissed*, 352 U.S. 883, 77 (1956)) ("[U]nder Rule 10(e) any documents, depositions or other evidence not filed in the district court proceeding may not be considered on appeal."). *See also Gomez v. Banco Bilbao Vizcaya, S.A.*, 1994 WL 577631 (S.D.N.Y. Oct.19, 1994) ("Rule 10(e) is designed to permit a defective record on appeal to be corrected; it is not designed to permit parties to add matters to the record that were not before the district court."). Given this, and because Ms. Hoffman added one of the settlement agreements to the record while her request was pending, Dkt. No. 398 will be struck.

## IV.     Conclusion

In conclusion, Ms. Hoffman's request is granted in part and denied in part. AFP and Getty's redacted opposition brief, *see* Dkt. No. 397, may remain filed on the docket. The Court will file an unredacted version under seal. The settlement agreement filed by Ms. Hoffman, Dkt. No. 398, is struck from the record and no other settlement agreement, not already before the Court during the pendency of the fees motion, shall be added. The Clerk of Court is instructed to strike Dkt. No. 398.


SO ORDERED.

Dated: July ___, 2015
       New York, New York

ALISON J. NATHAN
United States District Judge