

**MANDATE**

15-1227
Hoffman v. Morel

N.Y.S.D. Case #
10-cv-2730(AJN)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals for the Second Circuit,
2   held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of
3   New York, on the 12th day of April, two thousand sixteen.
4
5   PRESENT:
6       DENNIS JACOBS,
7       PETER W. HALL,
8       GERARD E. LYNCH,
9           Circuit Judges.
10  _____
11
12  Agence France Presse,
13
14          Plaintiff-Counter-Defendant,
15
16      v.                                                    15-1227
17
18  Daniel Morel,
19
20          Defendant-Counter-Claimant-
21          Counter-Defendant-Appellee,
22
23  Getty Images, Inc.,
24
25          Defendant-Counter-Claimant-
26          Counter-Defendant,
27
28  ABC Inc., CBS Broadcasting Inc.,
29  Turner Broadcasting System, Inc.,
30
31          Defendants-Counter-Defendants,
32

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 03, 2016

**MANDATE ISSUED ON 05/03/2016**

**Washington Post Company,**

    **Counter-Claimant-Counter-Defendant,**

  v.

**Barbara Hoffman, Esq., application to enforce charging lien and other requests,**

    **Applicant-Appellant.**

_____

| | |
|---|---|
| **FOR APPLICANT-APPELLANT:** | BARBARA T. HOFFMAN, ESQ., pro se, New York, New York. |
| **FOR APPELLEE MOREL:** | JOSEPH T. BAIO (Emma J. James, on the brief), Willkie Farr & Gallagher LLP, New York, New York. |

Appeal from an order of the United States District Court for the Southern District of New York (Nathan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Barbara Hoffman, a lawyer appearing pro se, appeals from a district court order awarding her attorney's fees in the amount of $164,580.70. Hoffman moved pursuant to New York Judiciary Law § 475 ("section 475") to fix the value of her charging lien on an underlying judgment in favor of her former client in quantum meruit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's award of attorney's fees for abuse of discretion." Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013); see also Sequa Corp. v. GBJ Corp., 156 F.3d 136, 149 (2d Cir. 1998). A district court's factual findings, "including those based on documentary evidence and inferences drawn from other facts," are reviewed for clear error, and may only be

reversed when the reviewing court is "'left with the definite and firm conviction that a mistake has been committed.'" Garcia v. Teitler, 443 F.3d 202, 211 (2d Cir. 2006) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

An attorney who has been discharged without cause has three remedies—a retaining lien, a charging lien, and a plenary action in quantum meruit; these remedies are cumulative, not exclusive. Levy v. Laing, 843 N.Y.S.2d 542, 544 (App. Div. 1st Dep't 2007) (citing Butler, Fitzgerald & Potter v. Gelmin, 651 N.Y.S.2d 525, 527 (App. Div. 1st Dep't 1997)); see also Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 264 n.6 (2d Cir. 2004). Section 475, which "governs attorneys' charging liens in federal courts sitting in New York," Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998), provides that, "[f]rom the commencement of an action, . . . the attorney who appears for a party has a lien upon his or her client's cause of action, . . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come . . . ." N.Y. Jud. Law § 475.

"A charging lien . . . is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'" Sutton v. N.Y.C. Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006) (citations omitted) (quoting Cohen v. Grainger, Tesoriero, & Bell, 622 N.E.2d 288 (N.Y. 1993)). When determining a section 475 charging lien on a quantum meruit basis, "[a]mong the factors to be considered . . . are the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained (to the extent known)." Sequa Corp., 156 F.3d at 148.

1    Upon review, we conclude that the district court did not abuse its discretion by reducing
2    Hoffman's requested hourly rate and estimated hours worked to calculate a presumptively
3    reasonable fee. The district court's consideration of the hourly rate referenced in the retainer
4    agreement was reasonable. See Crescent Publ'g Grp., Inc. v. Playboy Enters., 246 F.3d 142, 151
5    (2d Cir. 2001). Furthermore, although there is no bar to Hoffman's reliance on reconstructed
6    records to serve as the basis for compensation, the district court did not abuse its direction by
7    reducing the claimed number of hours reasonably required for the representation in view of the
8    imprecise nature of Hoffman's accounting. See F.H. Krear & Co v. Nineteen Named Trustees,
9    810 F.2d 1250, 1265 (2d Cir. 1987) ("[T]he burden is on counsel to keep and present records from
10   which the court may determine the nature of the work done, the need for it, and the amount of time
11   reasonably required; where adequate contemporaneous records have not been kept, the court
12   should not award the full amount requested." (citing cases)).
13   "The award of [prejudgment] interest is generally within the discretion of the district court
14   and will not be overturned on appeal absent an abuse of that discretion," except where such interest
15   is awarded "as a matter of right" under New York law. New England Ins. Co. v. Healthcare
16   Underwriters Mut. Ins. Co., 352 F.3d 599, 603 (2d Cir. 2003). Section 5001(a) of the New York
17   Civil Practice Law and Rules provides that prejudgment interest is mandatory except "in an action
18   of an equitable nature." N.Y. C.P.L.R. 5001(a). New York case law holds that prejudgment
19   interest is mandatory with respect to a quantum meruit *cause of action*, see, e.g., Tesser v. Allboro
20   Equip. Co., 904 N.Y.S.2d 701, 705 (App. Div. 2d Dep't 2010); Ogletree, Deakins, Nash, Smoak &
21   Stewart, P.C. v. Albany Steel, Inc., 663 N.Y.S.2d 313, 315 (App. Div. 3d Dep't 1997),[1] which is a
22   claim sounding in quasi-contract, Hudson View II Assocs. v. Gooden, 644 N.Y.S.2d 512, 516

---

[1] But see Precision Founds. v. Ives, 772 N.Y.S.2d 116, 120 (App. Div. 3d Dep't 2004) (asserting, without analysis, that prejudgment interest is discretionary on quantum meruit claims).

4

(App. Div. 1st Dep't 1996). However, a section 475 charging lien is "equitable in nature." <u>Sutton</u>, 462 F.3d at 161.

Hoffman did not bring a plenary action in <u>quantum meruit</u>; and she cites no authority suggesting that the use of <u>quantum meruit</u> to set the amount of her charging lien affects its equitable nature, or that prejudgment interest is mandatory on such a claim. Therefore, Hoffman can neither demonstrate that prejudgment interest must be awarded "as a matter of right" nor that the district court abused its discretion by not awarding interest.

We have considered all of Hoffman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5