UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AGENCE FRANCE PRESSE,  :

                Plaintiff,  :

          -v-  :  10-CV-2730 (AJN)

DANIEL MOREL,  :  **DECLARATION OF JOSEPH T. BAIO IN SUPPORT OF DANIEL MOREL'S MOTION FOR RELEASE OF FUNDS DEPOSITED IN COURT REGISTRY**

                Defendant,  :
                Counterclaim Plaintiff,

         -v-  :

GETTY IMAGES (US), INC., et al.,  :

                Counterclaim Defendants.
------------------------------------------------------------------x

JOSEPH T. BAIO, an attorney duly admitted to practice law before this Court, having personal knowledge of the facts stated below, hereby declares the following to be true under penalty of perjury:

1. I am a partner with the law firm of Willkie Farr & Gallagher LLP ("Willkie Farr") in New York, and co-chair of the firm's Complex Business Litigation Practice. I am a member of the Bar of the State of New York and am admitted to practice before the Southern District of New York, Eastern District of New York, Second Circuit, Third Circuit, and United States Supreme Court.

2. I am lead trial counsel for Defendant and Counterclaim Plaintiff Daniel Morel.

3. I submit this declaration in support of Mr. Morel's Motion for Release of Funds Deposited in Court Registry and respectfully request that the Court grant an order: (1) granting the Motion; (2) directing the Clerk of the Court to issue a check drawn on the Court Registry

Investment System, Interest Bearing Account ("CRIS") made payable to "Willkie Farr & Gallagher LLP, as escrow agent" in the amount of $741,481.80 plus income on the investment after deduction of the 10% fee pursuant to Local Rule 67.1; (3) directing the Clerk of the Court that the 10% deduction shall not exceed the fee authorized by the Judicial Conference of the United States and set by the Director of Administrative Office pursuant to Local Rule 67.1; (4) directing the Clerk of the Court to transmit such check to the undersigned; and (5) granting such other and further relief as the Court deems just and proper.

4. On December 11, 2013, the Court entered an Amended Judgment in Mr. Morel's favor in the amount of $1,220,000. A true and correct copy of the Amended Judgment is attached hereto as Exhibit A. (Amended Judgment, ECF No. 307.)

5. On December 16, 2013, the parties entered into a stipulation staying execution of the Amended Judgment until the final disposition of any timely filed post-trial motions under Fed. R. Civ. P. 62(b). A true and correct copy of the December 16, 2013 Stipulation is attached hereto as Exhibit B. (Stipulation and Order for Stay of Execution of Judgment Pending Post-Trial Mots., ECF No. 311.)

6. Execution of the Amended Judgment was stayed once again on August 22, 2014, pending resolution of Mr. Morel's motion for costs and attorney's fees pursuant to Fed. R. Civ. P. 54(d). A true and correct copy of the August 22, 2014 Stipulation is attached hereto as Exhibit C ("August 22, 2014 Stipulation"). (So Ordered Stipulation and Proposed Order for Stay of Execution of Judgment Pending Entry of Final Disposition, ECF No. 325.)

7. As the prevailing party in this action, Mr. Morel moved for attorney's fees and costs pursuant to 17 U.S.C. § 505 on October 3, 2014 ("Motion for Attorney's Fees"). (Mtn. for Atty's Fees, ECF Nos. 338-40.)

8. On October 3, 2014, Ms. Barbara Hoffman, Mr. Morel's former counsel, moved to fix the sum of her charging lien pursuant to New York Judiciary Law § 475 for her representation of Mr. Morel between March 5, 2010 and February 12, 2013 ("Hoffman Lien"). (Mem. of Law in Support of Mtn. to Fix the Amount of and Enforce a Charging Lien Under N.Y. Jud. Law § 475, ECF Nos. 341-48.)

9. On March 23, 2015, the Court denied Mr. Morel's Motion for Attorney's Fees and fixed the sum of Ms. Hoffman's charging lien at $164,580.70 ("March 23, 2015 Order"). (Mem. & Order, dated Mar. 23, 2015, ECF No. 367.)

10. Neither Plaintiffs-Counterclaim Defendants Agence France Presse ("AFP") and Getty Images (US) Inc. ("Getty") (collectively, "Defendants") nor Mr. Morel filed Notices of Appeal from any judgment or order in this Court.

11. On April 15, 2015, Ms. Hoffman filed a Notice of Appeal of this Court's March 23, 2015 Order, naming Mr. Morel as Appellee ("Hoffman Appeal"). (Notice of Appeal, dated Apr. 15, 2015, ECF No. 368; Acknowledgement and Notice of Appearance, No. 15-1227 (2d Cir. Apr. 24, 2015), ECF No. 9.)

12. On April 23, 2015, Defendants filed an order to show cause and request for a temporary restraining order seeking to restrain Mr. Morel from collecting his judgment due to a concern that AFP and Getty would be subject to duplicative payments to Ms. Hoffman. (Ltr. to Hon. Alison J. Nathan, dated Apr. 23, 2015, ECF No. 369.)

13. After a conference with Ms. Hoffman, Mr. Morel, and AFP and Getty, the Court issued an order directing Ms. Hoffman and Mr. Morel to show cause, in writing, as to why an order should not be entered directing AFP and Getty to pay the full amount of judgment directly into the Court or why an order should not be entered staying, without bond, any proceedings for

execution of both the judgment and charging lien pending final resolution of the Hoffman Lien, including appeals and any proceedings on remand. (Order to Show Cause, ECF No. 373.)

14. On June 19, 2015, the parties entered into a stipulation that was so ordered by this Court, requiring in part that:

   a. Defendants pay Mr. Morel the sum of $316,244.74 within one week of the date the Court entered the Order.

   b. Defendants pay Ms. Hoffman the sum of $164,580.70 within one week of the date the Court entered the Order.

   c. The Clerk of the Court deposit the sum of $741,481.80 into the CRIS pending final adjudication of the Hoffman Appeal and proceedings on remand, if any, and distribute the sum in accordance with that final adjudication.

   d. Pursuant to Local Rule 67.1, the Clerk of the Court deduct from the income on the investment a fee equal to 10% of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

   e. The income on the investment after deduction of the 10% fee be distributed pro rata in accordance with the final adjudication of the Hoffman Appeal to Mr. Morel and Ms. Hoffman after final adjudication of the Hoffman Appeal and proceedings on remand, if any.

   f. Once the Court received notice that Defendants paid the full amount of the Amended Judgment as set forth above to Mr. Morel, Ms. Hoffman, and the Registry of the Court, AFP and Getty be fully discharged of their obligation under

New York Judiciary Law § 475 to protect Ms. Hoffman's charging lien, and the Clerk of the Court docket a Satisfaction of Judgment pursuant to Local Rule 54.3. ("June 19, 2015 Stipulation"). A true and correct copy of the June 19, 2015 Stipulation is attached hereto as Exhibit D. (So Ordered Stipulation and Order, dated June 19, 2015, ECF No. 392.)

15. On June 24, 2015, AFP and Getty paid Mr. Morel $316,344.74 and Ms. Hoffman $164,580.70. A true and correct copy of the payment confirmation is attached hereto as Exhibit E. (*See* Ltr. to Hon. Alison J. Nathan, dated July 1, 2015, ECF No. 396.)

16. On June 25, 2015, Defendants deposited with the Clerk of the Court $741,481.80 by check. *See id.* This deposit received receipt number 465401128973. *Id.*

17. On April 12, 2016, the Second Circuit issued a Summary Order and Judgment affirming the District Court's decision to fix the value of the Hoffman Lien at $164,580.70 in its entirety. A true and correct copy of the Second Circuit's decision is attached hereto as Exhibit F. (*See Hoffman v. Morel*, No. 15-1227 (2d Cir. April 12, 2016), ECF No. 84.)

18. Ms. Hoffman has not petitioned the Second Circuit for rehearing and the time to move for a rehearing under Fed. R. App. P. 35(c) and 40(a)(1) and Second Circuit Local Rule 35.1 and 40.1 has expired.

19. On May 3, 2016, the Second Circuit issued its mandate to the District Court. A true and correct copy of this mandate is attached hereto as Exhibit G. (*See Hoffman v. Morel*, No. 15-1227 (2d Cir. May 3, 2016), Judgment Mandate Issued, ECF No. 86.)

20. On May 3, 2016, this Court affirmed the Second Circuit's mandate. (Mandate Affirmed, ECF No. 408.)

21.     It is respectfully requested that the Court grant the Motion, direct the Clerk of the Court to release the money in the CRIS and income on the interest to Willkie Farr, on behalf of Mr. Morel, and direct the Clerk of the Court to distribute the funds via check made out to "Willkie Farr and Gallagher LLP, as escrow agent."

22.     Upon receipt of the funds from the CRIS and income on the interest, Willkie Farr will deposit the money into its own IOLA account. The money will then be distributed to Mr. Morel in accordance with Willkie Farr and Mr. Morel's retainer agreement.

23.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 6, 2016

_____
Joseph T. Baio